### 56513. ARTHUR PEW CONSTRUCTION COMPANY, INC. v. BRYAN CONSTRUCTION COMPANY, INC.

BIRDSONG, Judge.

Susan Gail Jarriel sued Arthur Pew Construction Co., Inc. ("Pew") for the death of her husband. Pew, a general contractor hired by the City of Cartersville, then brought a third-party complaint against Bryan

Construction Co., Inc. ("Bryan"), a subcontractor for Pew, alleging a contractual right of indemnity against Bryan for Mrs. Jarriel's claim. From the grant of summary judgment in favor of Bryan, Pew appeals. *Held:*

1. Bryan concedes that the workers' compensation statute is not a bar to Pew's contractual right of indemnity. Cf. Code Ann. §§ 114-103, 114-112; *Titan Steel Corp. v. Walton*, 365 F2d 542 (10th Cir. 1966). Accordingly, Pew's contractual rights must be determined according to the express language of the indemnification agreement in effect between Pew and Bryan.

2. The record reveals, and the parties are agreed, that Pew's right to indemnification arises solely by virtue of an "incorporation by reference" clause in the subcontract between Pew and Bryan, which provides: "The Subcontractor agrees to be bound to the Contractor by the terms of the general contract, general conditions, drawings and specifications and to assume toward the Contractor all the obligations and responsibilities that the Contractor by those documents assumes toward the Owner [the City of Cartersville]."

In turn, the relevant portion of the general contract between Pew and the City of Cartersville, provides: ". . . the Contractor shall agree to hold the City of Cartersville, its officers, agents, and employees, harmless from any and all claims made against the City, its officers, agents, and employees, which arise out of the action or omission of the Contractor, or any subcontractor. . .."

3. This court has previously determined the effect of an indemnity provision virtually identical to the indemnification clause here at issue, concluding that ". . . the language in the indemnity clause is sufficient to require indemnification [by the subcontractor against the general contractor.]" *Binswanger Glass Co. v. Beers Const. Co.*, 141 Ga. App. 715, 717 (234 SE2d 363). Accordingly, the trial court erred in granting summary judgment in favor of Bryan.

*Judgment reversed. Bell, C. J., and Shulman, J., concur.*

SUBMITTED SEPTEMBER 19, 1978 — DECIDED NOVEMBER 14, 1978.

*Swift, Currie, McGhee & Hiers, W. Wray Eckl, Steven A. Miller,* for appellant.

*Varner, Stephens & Wingfield, Thomas J. Wingfield, William Green, Larry K. Butler, Phillips, Hart & Mozley, George W. Hart, Richard Goodman, Nall, Miller & Cadenhead, Lowell S. Fine,* for appellee.