## 40509. SINGLETON v. GEORGIA PACIFIC CORPORATION.

SMITH, Justice.

James Singleton was employed by BAMM, Inc., which was in turn under contract to repair the roof of a Georgia Pacific building in Brunswick. In March 1982, Singleton was injured while working on Georgia Pacific's roof for BAMM, Inc. He made a claim for, and received, workers' compensation benefits from BAMM as a result of this injury. Singleton thereupon sued Georgia Pacific in tort, but the trial court entered an order granting summary judgment in favor of Georgia Pacific on the ground that it was Singleton's statutory employer under the Workers' Compensation Act and entitled to immunity from tort liability, citing *Godbee v. Western Electric Co.,* 161 Ga. App. 731 (288 SE2d 881) (1982). The Court of Appeals agreed with the trial court's decision and affirmed. We granted certiorari and now reverse.

Our decision in this case is constrained by recent opinions from this Court and the Court of Appeals. In *Modlin v. Black & Decker,* Court of Appeals case no. 67781 (decided March 5, 1984), *Godbee* and its progeny were overruled on the ground at issue here. We examined *Modlin* and its effect on *Godbee* with approval in *Manning v. Ga. Power Co.,* 252 Ga. 404 (314 SE2d 432) (1984). We conclude that the present case is controlled by *Manning.* Georgia Pacific is an owner, not a contractor, and as such is not liable for workers' compensation benefits. Thus Georgia Pacific was not the statutory employer of Singleton for purposes of the Workers' Compensation Act and is not

immune from tort liability pursuant to OCGA § 34-9-11 (Code Ann. § 114-103).

*Judgment reversed. All the Justices concur, except Marshall, P. J., who dissents.*

DECIDED MAY 16, 1984.

*Edward E. Boshears,* for appellant.
*Richard M. Scarlett, M. Lynn Frey III,* for appellee.
*J. S. Hutto, Alton D. Kitchings, Gene Mac Winburn, Billy E. Moore, Dan F. Sullivan, Thomas W. Malone, Michael J. Rust, George C. Grant, Williston C. White, Harvey S. Gray,* amici curiae.