## 68329. R. E. THOMAS ERECTORS, INC. v. BRUNSWICK PULP & PAPER COMPANY.

QUILLIAN, Presiding Judge.

This is an appeal from a grant of summary judgment.

Defendant-appellee Brunswick Pulp & Paper Co. (Brunswick) purchased some machinery used in the manufacture of paper called a suction couch roll from KMW-Johnson, Inc. (KMW), located in North Carolina. Brunswick contracted with defendant-appellant R. E. Thomas Erectors, Inc. (Thomas Erectors) to perform the installation of the couch roll in its plant. Brunswick also contracted separately with KMW to provide the services of a qualified erector to supervise the installation of the couch roll. Plaintiff Linton, an employee of KMW, was the qualified erector sent to Brunswick by KMW to supervise the installation. While Linton was performing this service, he was injured by a crane. Linton received workers' compensation benefits as an employee of KMW under the law of North Carolina. Linton and spouse then commenced this action against Brunswick and Thomas Erectors as joint third party tortfeasors under OCGA § 34-9-11. Thomas Erectors and Brunswick cross-claimed against each other seeking indemnity and other relief. Brunswick's motion for summary judgment on Linton's claim was granted on the ground that Brunswick was Linton's statutory employer under OCGA § 34-9-8 and thus immune from tort liability to Linton under OCGA § 34-9-11. Thomas Erectors brings this appeal. *Held*:

1. Brunswick's motion to dismiss the appeal is denied. "Judge Deen noted that to deny one joint tortfeasor the right to appeal a judgment in favor of another joint tortfeasor in a case in which both are defendants tends to subvert the Civil Practice Act's purpose of allowing the whole case to be tried at one time, and he surmised that the purpose of the 1972 amendment had been to correct this anomaly. . . . For the reasons stated by Judge Deen . . . we now hold that the 1972 amendment to Code Ann. § 105-2012 [now OCGA § 51-12-32] eliminated the rule that a co-defendant in a tort action is without standing to appeal the grant of summary judgment to another co-defendant against whom he asserts a right of contribution." *Merritt v. McCrary*, 162 Ga. App. 825 (1), 827 (292 SE2d 920).

2. We reverse.

The cases relied upon by the trial court in granting summary judgment and by Brunswick in this appeal, holding that an owner of premises is entitled to statutory employer status under OCGA § 34-9-

8, have been overruled by *Modlin v. Black & Decker Mfg. Co.*, 170 Ga. App. 477 (317 SE2d 255), where we said: "Taking OCGA § 34-9-8 as a whole, the most reasonable conclusion is that the word 'principal' in subsections (a) and (b) refers to 'principal contractor.' Accordingly, owners or entities merely in possession or, control of the premises would not be subject to workers' compensation liability as statutory employers, except in the isolated situation where that party also serves as a contractor for yet another entity and hires another contractor to perform the work on the premises. . . . *Godbee v. Western Elec. Co.*, [161 Ga. App. 731 (288 SE2d 881)], *Scogin v. Ga. Power Co.*, [165 Ga. App. 2 (299 SE2d 84)], and *Johnson v. Ga. Power Co.*, [165 Ga. App. 672 (302 SE2d 417)], and their progeny are overruled. Because *Western Elec. Co. v. Capes*, [164 Ga. App. 353 (296 SE2d 381)], modified rather than followed *Godbee*, it is consistent with what is held here and need not be overruled." Id. at 478 and 479. Accord *Manning v. Ga. Power Co.*, 252 Ga. 404 (314 SE2d 432).

*Judgment reversed. Birdsong and Carley, JJ., concur.*

DECIDED SEPTEMBER 4, 1984.

*James M. Thomas*, for appellant.
*Karen M. Krider, Eugene C. Hicks III, Amanda F. Williams, Philip R. Taylor*, for appellee.