73745. WRIGHT et al. v. M. D. HODGES ENTERPRISES, INC.
(359 SE2d 700)

POPE, Judge.

Plaintiff Charles Michael Wright was injured during the course of his employment with Skyline Steel Erectors on a construction project when he fell from atop a steel column which had been set on footings poured for steel column placement. Wright received workers' compensation benefits from his employer. Wright and his wife then filed a tort action against defendant M. D. Hodges Enterprises, Inc., the owner and developer of the construction site. Hodges had entered into a standard subcontract with Wright's employer for material and

labor for the erection of structural steel for the construction project. Hodges acted as its own general contractor on the project. Moreover, Hodges' own employees cleared and excavated the land at the construction site, poured the foundation for the building and set the bolts to which the columns of structural steel were to be set by Wright's employer. The lower court awarded summary judgment to defendant on the ground defendant was Wright's statutory employer pursuant to OCGA § 34-9-8 and is therefore immune from tort liability to plaintiffs pursuant to the exclusive remedy provision of the Workers' Compensation Act, OCGA § 34-9-11. Plaintiffs appeal.

1. Plaintiffs argue that an owner, even one acting as its own general contractor for a construction project, is not a statutory employer pursuant to OCGA § 34-9-8 unless it is also serving as a contractor for "yet another entity" and has hired another contractor to perform work under that contract. See *Modlin v. Black & Decker Mfg. Co.*, 170 Ga. App. 477 (317 SE2d 255) (1984). The reasoning in *Modlin* was expressly adopted by the Georgia Supreme Court. " 'Owners or entities merely in possession or control of the premises would not be subject to workers' compensation liability as statutory employers, except in the isolated situation where [that] party also serves as a contractor for yet another entity and hires another contractor to perform the work on the premises.' " *Manning v. Ga. Power Co.*, 252 Ga. 404, 406 (314 SE2d 432) (1984), quoting *Modlin*, supra at 478-479. Unfortunately, *Modlin* has been interpreted as setting forth two internally inconsistent tests for determining whether an owner is also a statutory employer. See *McCorkle v. United States*, 737 F2d 957 (11th Cir. 1984). Here, this court will attempt to clarify the circumstances under which an owner may be a statutory employer.

The Eleventh Circuit Court of Appeals has queried: "We are not sure which prong of *Modlin* the Georgia courts intend to control. Georgia might want the contractor/not a contractor bright line rule. Or it may want an 'owner plus,' or 'circumstances of the case,' rule." *McCorkle*, supra at 961. In fact, we intend to apply both these rules in a two-pronged test. If the owner is "merely in possession or control" of the premises upon which the employee of a company under contract to the owner is injured, then the so-called "bright line" rule would apply. In that event, the owner would not be considered the statutory employer of the injured employee unless the owner also serves as contractor "for yet another entity" and has hired the injured employee's employer to perform work under that contract on the owner's premises. If, on the other hand, the owner is not "merely in possession or control of the premises" but is actively involved in the enterprise in which the employee was injured, then the circumstances of the particular case should determine whether the owner is a statutory employer of the injured employee.

In the case at hand, the owner was not under contract to another entity but served as its own general contractor for a construction project. "In the construction business, the 'owner' obstacle has been overcome by finding that the owner was his own general contractor, or by ruling that a general building contractor is no less a covered contractor because he is also the owner of the property he is developing." 1C Larson, Workmen's Compensation Law, § 49.13 (1986); see, e.g., *Posey v. Union Carbide Corp.*, 510 FSupp. 1143 (M.D. Tenn. 1981) (applying Tennessee Law); *Hosvepian v. Hilton Hotels Corp.*, 94 Nev. 768 (587 P2d 1313) (1978); *Owen v. Kaiser Aluminum &c. Corp.*, 417 F2d 303 (5th Cir. 1969) (applying Louisiana law). In this case, defendant owner not only acted as its own general contractor but was also actively involved in the enterprise in which plaintiff was injured. Here, the owner was more than a mere developer who hires others to construct improvements upon his land. The undisputed facts show defendant acted as supervisor and a supplier of labor for the project. Therefore, summary judgment was properly granted to defendant on the ground defendant was Wright's statutory employer.

2. Based on the facts recited above, we find no issue of fact remains for determining whether defendant was Wright's statutory employer.

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED JUNE 25, 1987 —
REHEARING DENIED JULY 13, 1987 —

*William A. Pannell, Charles B. Zirkle, Jr.*, for appellants.
*Robert A. Barnaby II, Christopher N. Shuman, Barbara B. Holmes*, for appellee.