A89A1480. WHITEHEAD v. CHP, LTD. et al.
(385 SE2d 124)

DEEN, Presiding Judge.

Billy E. Whitehead, president of Whitehead Roofing & Sheet Metal, Inc., suffered an on-the-job knee injury while on the premises of the Shannon Motor Inn. He received workers' compensation benefits through his company and filed a negligence action against CHP,

the owner of the motel, and Howe D. Whitman, a general partner in CHP.

The trial court granted summary judgment to the defendants, holding that they were Whitehead's statutory employer under OCGA § 34-9-8 and therefore entitled to tort immunity granted by OCGA § 34-9-11. Whitehead appeals. *Held*:

At the time Whitehead was injured, CHP was in the process of renovating the Shannon Motor Inn, which it owned. CHP hired Whitehead Roofing as a subcontractor to re-roof a section of the motel. Whitehead also oversaw some of the work done by the iron workers, and acted as foreman of the sheet metal crew. Deposition testimony indicates that CHP acted as general contractor on the project and supervised certain work on the project. On the day Whitehead was injured, he and Whitman had been on the roof reviewing the work. Shortly thereafter they entered a small office to review drawings which were used in conjunction with the work being done. Whitehead tripped over a telephone cord and seriously injured his right knee.

In *Wright v. M. D. Hodges Enterprises*, 183 Ga. App. 632 (359 SE2d 700) (1987), this court reviewed the criteria by which a statutory employer could be identified and noted that the rule set forth in *Modlin v. Black & Decker Mfg. Co.*, 170 Ga. App. 477 (317 SE2d 255) (1984), created some confusion for the Eleventh Circuit in *McCorkle v. United States*, 737 F2d 957, 961 (11th Cir. 1984), because that court was unable to determine whether Georgia wanted the "contractor/not a contractor bright line rule" or an "owner plus" or "circumstances of the case" rule. *Wright* held that it intended to apply both rules. "If the owner is 'merely in possession or control' of the premises upon which the employee of a company under contract to the owner is injured, then the so-called 'bright line' rule would apply . . . [i]f . . . the owner is not 'merely in possession or control of the premises' but is actively involved in the enterprise in which the employee was injured, then the circumstances of the particular case should determine whether the owner is a statutory employer of the injured employee." Id. at 633.

The evidence shows that CHP was actively involved in the renovation project and Whitehead's company was employed as a subcontractor by CHP. Both Whitman and Whitehead testified that Howe Whitman and his brother Donald (a limited partner in CHP) had supervisory roles at the construction site. Indeed, at the time Whitehead was injured, the parties were meeting to review and discuss building plans. As in *Wright*, supra, the project owner not only acted as its own general contractor, but also actively supervised the project. We find no error in the trial court's ruling.

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

Decided July 13, 1989 —
Rehearing denied July 21, 1989 — 

Taylor & Harp, J. Sherrod Taylor, Jefferson C. Callier, for appellant.

Smith, Gambrell & Russell, Jane C. Carr, Matthew S. Coles, David A. Handley, for appellees.