A89A1478. WINN-DIXIE ATLANTA, INC. v. COUCH et al.
(387 SE2d 590)

McMURRAY, Presiding Judge.

Cecil Wayne Couch, an employee of Automatic Icemaker Company, suffered an on-the-job injury while on the premises of Winn-Dixie Atlanta, Inc. ("Winn-Dixie"). Couch received workers' compensation benefits through his employer and filed a tort action against Winn-Dixie. Winn-Dixie denied the material allegations of the complaint and subsequently filed a motion for summary judgment. A major argument asserted by Winn-Dixie was that it was Couch's statutory employer under OCGA § 34-9-11.

The undisputed evidence showed that on May 28, 1985, Winn-

Dixie was in the final stages of a remodeling and renovation project at its "Winter's Chapel Road" grocery store when an ice machine, which had been installed by Winn-Dixie employees as part of the renovation project, was not functioning. Winn-Dixie did not have the resources to diagnose the malfunction and, as a consequence, one of Winn-Dixie's "installation supervisors . . . authorized subcontracting assistance from Automatic Icemaker Company. . . ." Automatic Icemaker Company sent Couch to investigate the problem and, while attempting to provide power to the ice machine, Couch fell through a dropped ceiling and onto a tile floor, sustaining serious injury.

The trial court denied Winn-Dixie's motion for summary judgment and Winn-Dixie filed an application for appeal pursuant to OCGA § 5-6-34 (b). We granted the appeal to determine whether Winn-Dixie is immune from tort liability as the statutory employer of Couch. *Held*:

"In *Wright v. M. D. Hodges Enterprises*, 183 Ga. App. 632 (359 SE2d 700) (1987), this court reviewed the criteria by which a statutory employer could be identified and noted that the rule set forth in *Modlin v. Black & Decker Mfg. Co.*, 170 Ga. App. 477 (317 SE2d 255) (1984), created some confusion for the Eleventh Circuit in *McCorkle v. United States*, 737 F2d 957, 961 (11th Cir., 1984), because that court was unable to determine whether Georgia wanted the 'contractor/not a contractor bright line rule' or an 'owner plus' or 'circumstances of the case' rule. *Wright* held that it intended to apply both rules. 'If the owner is "merely in possession or control" of the premises upon which the employee of a company under contract to the owner is injured, then the so-called "bright line" rule would apply . . . if . . . the owner is not "merely in possession or control of the premises" but is actively [involved] in the enterprise in which the employee was injured, then the circumstances of the particular case should determine whether the owner is a statutory employer of the injured employee.' Id. at 633." *Whitehead v. CHP, Ltd.*, 192 Ga. App. 417, 418 (385 SE2d 124) (1989). Compare *Dross v. Southern Airways*, 170 Ga. App. 481 (317 SE2d 300), where the occupier of the premises was not a principal contractor.

In the case sub judice, the evidence shows that Winn-Dixie was acting as its own general contractor, employing a "maintenance superintendent" and "three installation supervisors" to direct the renovation project. Winn-Dixie employees installed much of the equipment on the project and sub-contractors were brought in to install other equipment and fixtures. In fact, the ice machine that Couch was working on was set in place by Winn-Dixie employees and Winn-Dixie employees were assisting Couch before he fell. This evidence, and other undisputed evidence showing that Couch's employer was a sub-contractor of Winn-Dixie, required a finding that Winn-Dixie was

Couch's statutory employer. See *Wright v. M. D. Hodges Enterprises*, 183 Ga. App. 632, (359 SE2d 700) (1987) and *Whitehead v. CHP, Ltd.*, 192 Ga. App. 417, supra. Consequently, the trial court erred in failing to grant Winn-Dixie's motion for summary judgment.

*Judgment reversed. Carley, C. J., and Beasley, J., concur.*

DECIDED OCTOBER 17, 1989.
REHEARING DENIED NOVEMBER 1, 1989 —

*Fain, Major & Wiley, Gene A. Major, Bruce A. Maxwell*, for appellant.

*Robert A. Falanga, Ronald F. Chalker, Jesse E. Barrow III*, for appellees.