## A90A2126. BATTLE v. SANDY SPRINGS ASSOCIATES.
(402 SE2d 336)

BIRDSONG, Presiding Judge.

W. R. Battle, a/k/a Willis R. Battle d/b/a W. R. Battle Construction Company ("Battle") appeals from the grant of summary judgment to Sandy Springs Associates ("SSA") in a suit on two promissory notes. Battle contends that the lower court failed to consider evidence presented and that genuine issues remain for trial. *Held*:

The record shows SSA loaned money to Battle on at least three occasions and that the loans were secured by promissory notes executed by W. R. Battle individually and as the Battle Construction Company. The record also shows that SSA initially sued to collect on three notes, but by amendment to the complaint dismissed the allegations concerning the third note.

After Battle denied liability for the debts secured by the notes, SSA moved for summary judgment and supported the motion with Battle's deposition and the affidavit of SSA's president. The record shows that Battle's deposition admitted liability on the notes in some amount and SSA's affidavit with its attached documentation established the amount Battle owed on the notes. This evidence together with the notes which were a matter of record was sufficient to establish SSA's right to recover against Battle. *Hyman v. Horwitz*, 148 Ga. App. 647, 648-649 (252 SE2d 74).

Battle responded to the motion and supported the response with his affidavit. Battle's affidavit stated that he was not indebted to SSA because any amounts owing to SSA were satisfied. He further stated that SSA "received [payment] from Miller Paving Company thereby having been fully satisfied for any amounts owed to them," and that SSA "received payment in full and still continues to seek monies . . . when any and all claims have been satisfied through the 'Joint Payment Agreement.' " He now asserts that the trial court erred in granting summary judgment because his affidavit was sufficient to show genuine issues of material fact existed.

There is no error. Even affording Battle all the benefits our law grants to parties responding to motions for summary judgment (see OCGA § 9-11-56 (c); *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 596 (370 SE2d 843)), Battle's affidavit was insufficient to demonstrate the existence of genuine issues for trial. The part of Battle's affidavit which asserts that he is not indebted to SSA in the amount specified is a mere conclusion or allegation of the ultimate fact which is insufficient to support a motion for summary judgment. *ARA Transp. v. Barnes*, 183 Ga. App. 424, 428 (359 SE2d 157); *Johnson v. Crews*, 165 Ga. App. 43, 44-45 (299 SE2d 99). Further, merely asserting that the debts have been "satisfied" adds nothing to the response since this also is a conclusion.

Moreover, as the remaining averments in the affidavit contradict Battle's deposition testimony admitting liability for the debts and he does not explain the contradiction, the "contradictory testimony rule" applies. See *Gentile v. Miller &c., Inc.*, 257 Ga. 583 (361 SE2d 383); *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680). Application of this rule requires elimination of the favorable portions of the affidavit which conflict with Battle's deposition testimony admitting liability on the notes. *Prophecy Corp. v. Charles Rossignol, Inc.*, supra. Thus, considering the evidence as it stood after elimination of those parts of the affidavit, there was no evidence showing the existence of a genuine issue of material fact, and SSA was entitled to summary judgment. *Hyman v. Horwitz*, supra. In any event, Battle's depositions also showed that the Miller Paving Company's payments were for another note which was separate from the notes sued on. Accordingly, the trial court did not err by granting SSA's motion for summary judgment.

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 13, 1991.

Smith, Currie & Hancock, John E. Menechino, Jr., Ronald G. Robey, for appellant.

Stokes, Lazarus & Carmichael, William K. Carmichael, Karl M. Terrell, for appellee.