A91A0265. FENNELL et al. v. MAX RITTENBAUM, INC.
(405 SE2d 546)

BIRDSONG, Presiding Judge.

Appellant Joyce Fennell brought suit for injuries sustained when she was struck by a forklift operated by an employee of appellee Max Rittenbaum, Inc. d/b/a Clean Rite Products (Clean Rite), as she attempted to return to her work site after initiating a phone call to Paulding Enterprises to report the conduct of a retarded person under her supervision. Appellant Jim Fennell, husband of Joyce Fennell, joined in the suit averring a loss of consortium claim. This is an appeal of the trial court's order granting appellee's motion for summary judgment.

Paulding Enterprises, employer of Joyce Fennell, is a private day-care center that provides a variety of services for eligible mentally retarded persons ("clients") in Paulding County. Paulding Enterprises (Paulding) is required to conform to certain state policies and procedures. Joyce Fennell is an employee of Paulding. Paulding entered an agreement with appellee Clean Rite to provide "clients" to be hired as employees of Paulding primarily to place and seal cleaning items, usually rags and sponges, properly into plastic bags. The contract also required that "clients" be supervised by a paid employee of Paulding. Appellant Joyce Fennell was that supervisor. Clean Rite is the marketing name by which appellant Max Rittenbaum, Inc., sells automotive cleaning aids; Clean Rite's distribution is mass merchandisers, automotive distributors and automotive retailers.

It was averred by appellants and admitted in the answer of appellee that Clean Rite "is a corporation which processes, packages, and sells cleaning rags and towels to other companies and businesses," and that the "clients" were "to pack and put rags into bags for shipment to other businesses." Clean Rite would inform appellee Joyce Fennell of the work to be done each day, and she would supervise the "clients" to see that it was done properly and that Clean Rite safety policies were followed. Paulding, not Clean Rite, was responsible for "clients'" discipline. On occasions, Clean Rite would show Joyce Fennell how to do a task; then she would show the clients. Clean Rite provided all the rags, boxes, and bags used by the "clients." At the end of the day Joyce Fennell turned in a form to Clean Rite reflecting the number of boxes produced that day. *Held*:

1. Appellee in essence asserts and the trial court has found that Clean Rite was a statutory employer of Joyce Fennell, within the meaning of OCGA § 34-9-8 (a), and thus the workers' compensation rights and remedies exclude all other rights and remedies of employee Joyce Fennell on account of her injury at appellee's plant. If this conclusion is correct, the consortium claim of appellee Jim Fennell like-

wise would be without merit. See generally *Ponder v. Southern Tea Co.*, 170 Ga. App. 819 (318 SE2d 242); Hiers & Potter, Ga. Workers' Compensation — Law & Practice (2d ed.), § 8-3.1.

2. Appellants primarily assert that the trial court erred as appellee was not a statutory employee under the precedent of *Manning v. Ga. Power Co.*, 252 Ga. 404 (314 SE2d 432) and *Modlin v. Black &c. Mfg. Co.*, 170 Ga. App. 477 (317 SE2d 255). Accord *Singleton v. Ga. Pacific Corp.*, 252 Ga. 557 (315 SE2d 876). These cases hold that a mere owner of the premises where the injury occurred is not a statutory employer. Compare *Menard v. Fairchild*, 254 Ga. 275 (2) (328 SE2d 721).

We are satisfied that *Manning, Modlin*, and their progeny are not controlling in this case, as the record establishes without the existence of any genuine issue of material fact to the contrary that appellee was not merely in possession or control of the premises but was actively involved in the enterprise in which the employee was injured, and that under the existing circumstances Clean Rite was the statutory employer of appellant Joyce Fennell.

This court held in *Western Elec. Co. v. Capes*, 164 Ga. App. 353 (296 SE2d 381) that before an owner can be considered a statutory employer, the work the owner had contracted to be done must be an essential part of the owner's overall business or enterprise. Id. at 356; compare *Troxler v. Owens-Illinois*, 717 F2d 530 (5) & (6) (USCA 11th Cir.); see generally 21 Ga. St. Bar J. 94. This court has not reversed *Capes (Modlin*, supra at 479; *R. E. Thomas &c. v. Brunswick Pulp &c. Co.*, 171 Ga. App. 903, 904 (321 SE2d 412)), and *Capes* has never been reversed by any of the cases cited in appellants' brief.

In *Wright v. M. D. Hodges &c.*, 183 Ga. App. 632, 633 (359 SE2d 700), this court clarified the intent of its ruling in *Modlin*, noting that the reasoning in *Modlin* was adopted by the Georgia Supreme Court, by holding that *both* the " 'contractor/not a contractor bright line rule' " and the " ' "owner plus" or "circumstances of the case," rule' " were meant to be applied in a two-pronged test. "If the owner is 'merely in possession or control' of the premises upon which the employee of a company under contract to the owner is injured, then the so-called 'bright line' rule would apply. In that event, the owner would not be considered the statutory employer of the injured employee unless the owner also serves as contractor 'for yet another entity' and has hired the injured employee's employer to perform work under that contract on the owner's premises. If, on the other hand, the owner is not 'merely in possession or control of the premises' but is actively involved in the enterprise in which the employee was injured, then the circumstances of the particular case should determine whether the owner is a statutory employer of the injured employee." Accord *Winn-Dixie Atlanta v. Couch*, 193 Ga. App. 352, 353 (387

SE2d 590); *Whitehead v. CHP, Ltd.*, 192 Ga. App. 417 (385 SE2d 124).

Under the "owner plus" or "circumstances of the case" test, which is here applicable, the issue of whether an entity is a statutory employer under Georgia law is a mixed question of law and fact. See *Troxler*, supra at 534 (6). The trial court correctly applied the two-prong test of *Wright, Whitehead*, and *Winn-Dixie* to the facts of this case, and appellants have not established from the record that the trial court has misapplied the facts in granting appellee's motion for summary judgment.

We have examined all other cases cited by appellants and find that each is distinguishable factually and not controlling in the disposition of this case. Appellants' enumeration of error is without merit.

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED APRIL 11, 1991 —
REHEARING DENIED APRIL 30, 1991 — 

*Jerry B. Hatcher*, for appellants.

*Darroch & Obenshain, Robert M. Darroch, Cynthia B. Smith, Daniel N. Meyer*, for appellee.