A92A0995. FALAGAN et al. v. GEORGIA POWER COMPANY.
(422 SE2d 563)

McMURRAY, Presiding Judge.
Plaintiff Louis Falagan was injured while working for Brock &

Blevins, Inc., an independent contractor, during a maintenance and repair outage on a power generating unit at defendant Georgia Power Company's Plant Branch. Louis Falagan and his wife, Shannon Falagan, filed this action alleging that the injuries were the result of defendant's negligence. Upon consideration of defendant's motion for summary judgment, the superior court concluded that defendant was the statutory employer of plaintiff Louis Falagan under OCGA § 34-9-8 and was therefore immune from tort liability for his injury pursuant to OCGA § 34-9-11. Plaintiffs appeal the grant of summary judgment in favor of defendant. *Held*:

The criteria by which a statutory employer may be identified has been stated in several recent cases. See *Fennell v. Max Rittenbaum, Inc.*, 199 Ga. App. 619, 620 (405 SE2d 546); *Whitehead v. CHP, Ltd.*, 192 Ga. App. 417, 418 (385 SE2d 124); and *Wright v. M. D. Hodges Enterprises*, 183 Ga. App. 632, 633 (359 SE2d 700). In the case sub judice, we are concerned with only one of the two prongs of this test. " 'If . . . the owner is not "merely in possession or control of the premises" but is actively involved in the enterprise in which the employee was injured, then the circumstances of the particular case should determine whether the owner is a statutory employer of the injured employee.' [*Wright v. M. D. Hodges Enterprises*, 183 Ga. App. 632, 633, supra]." *Fennell v. Max Rittenbaum, Inc.*, 199 Ga. App. 619, 620 (2), supra.

The evidence shows that an outage of a power generating unit is a massive project scheduled at intervals of one or more years and involves the participation of large numbers of defendant's employees. Additionally, several outside contractors perform much of the outage work. Defendant's employees plan, schedule and coordinate the efforts of defendant's workers and contractors. Defendant provides much of the materials, parts, and tools utilized during an outage. The outage at issue required the services of more than ten contractors including Louis Falagan's employer which was responsible for retubing a condenser. Under this evidence, defendant was more than the project owner, it supervised and actively participated in the completion of the overall project. *Fennell v. Max Rittenbaum, Inc.*, 199 Ga. App. 619, 620, supra; *Winn-Dixie Atlanta, Inc. v. Couch*, 193 Ga. App. 352 (387 SE2d 590); *Whitehead v. CHP, Ltd.*, 192 Ga. App. 417, 418, supra; *Wright v. M. D. Hodge Enterprises*, 183 Ga. App. 632, 633, supra. The fact that plaintiff Louis Falagan's employer was an independent contractor does not preclude a conclusion that defendant was his statutory employer. *Wright Associates v. Rieder*, 247 Ga. 496 (277 SE2d 41).

Plaintiffs contend that an affidavit of James A. Lightfoot, an engineer employed by defendant, offered in support of defendant's motion for summary judgment contradicts his prior sworn testimony and

should not have been considered by the superior court. We have reviewed both the affidavit and the transcript of the earlier deposition, and examined each of the instances of contradictions suggested by plaintiffs and find no inconsistency material to the issues in this case. Thus application of the "contradictory testimony rule" will not require the elimination of any portion of Lightfoot's affidavit essential to the grant of defendant's motion for summary judgment. See in this regard *Battle v. Sandy Springs Assoc.*, 198 Ga. App. 584, 585 (402 SE2d 336).

*Judgment affirmed. Sognier, C. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 8, 1992 —
RECONSIDERATION DENIED SEPTEMBER 23, 1992 — 

*Middleton & Anderson, Eugene C. Brooks IV, Dickens & Associates, Gordon L. Dickens, Jr.*, for appellants.

*Jones, Cork & Miller, H. Jerome Strickland, H. J. Strickland, Jr.*, for appellee.