A93A0512. FOWLER-FLEMISTER CONCRETE, INC.
v. SUMNER et al.
(433 SE2d 329)

BEASLEY, Presiding Judge.

Gilbert and Sherin Sumner sued Fowler-Flemister Concrete, Inc. to recover for personal injuries sustained by Mr. Sumner while working at defendant's concrete manufacturing facility. This case is before the court pursuant to the grant of defendant's application for interlocutory appeal from the denial of summary judgment. The issue is whether appellant/defendant is the statutory employer of appellee/plaintiff under OCGA § 34-9-8 (a), and therefore immune from tort liability under the exclusive remedy provision of the Georgia Workers'

Compensation Act, OCGA § 34-9-11. Since the undisputed facts establish the employer's immunity as a matter of law, we reverse.

Plaintiff worked for various businesses and individuals as a self-employed mechanic. He was employed on an as-needed basis at defendant's four cement plants to service its trucks and loaders. He was called to defendant's Greensboro plant to assist in removing an obstruction in the neck of a cement silo. Although his usual work involved vehicle maintenance, his assistance was sought on this occasion because he carried the necessary tools and equipment for the project in his truck.

Upon arriving he met with defendant's plant managers, who told him there appeared to be cement clogging the neck of a silo, which they had unsuccessfully attempted to dislodge. A platform constructed of metal mesh grating encircled the upper portion of the silo, which is used in conjunction with defendant's concrete manufacturing business. The three men discussed a method to correct the problem and it was decided to cut a hole in the auger tube about five feet above the platform and place an object inside to loosen the obstruction.

Plaintiff climbed a metal ladder which led to the platform on the silo and, after placing the required tools from his truck on the platform, he began to cut the hole. Defendant's manager was working along with plaintiff on the platform. The two took turns attempting to dislodge the obstruction by placing a rod into the hole. When this method was unsuccessful, defendant's manager suggested that plaintiff climb a ladder extending above the platform and use a hammer to bang on the shut box mechanism in an effort to jar it loose. He was injured when he fell from the ladder while swinging the hammer and rolled over the edge of the platform onto the ground.

Under OCGA § 34-9-8 (a), "[a] principal, intermediate, or subcontractor shall be liable for compensation to any employee injured while in the employ of any of his subcontractors engaged upon the subject matter of the contract to the same extent as the immediate employer." *Wright v. M. D. Hodges Enterprises*, 183 Ga. App. 632 (1) (359 SE2d 700) (1987), established criteria to determine when an owner of premises upon which an employee of another entity is injured is subject to the statutory employer doctrine of OCGA § 34-9-8 (a). The criterion relevant to our decision provides that if "the owner is not 'merely in possession or control of the premises' but is actively involved in the enterprise in which the employee was injured, then the circumstances of the particular case should determine whether the owner is a statutory employer of the injured employee." Id. at 633.

When plaintiff was called to the plant for the purpose of assisting defendant's agents in correcting an obstruction in the cement silo, he

was actively engaged in defendant's concrete manufacturing enterprise taking place on the property. After conferring with the plant managers, a course of action was agreed upon and the three embarked upon the project together. Defendant's agents took an active role in supervising the project. *Whitehead v. CHP, Ltd.*, 192 Ga. App. 417 (385 SE2d 124) (1989). Plaintiff's task was essential to defendant's cement manufacturing business. See *Fennell v. Max Rittenbaum, Inc.*, 199 Ga. App. 619, 620 (2) (405 SE2d 546) (1991). He was injured while rendering substantial service in connection with defendant's manufacturing equipment. Compare *Gray Bldg. Systems v. Trine*, 260 Ga. 252 (391 SE2d 764) (1990). Even assuming plaintiff was an independent contractor, "[t]he fact that plaintiff . . . was an independent contractor does not preclude a conclusion that defendant was his statutory employer." *Falagan v. Ga. Power Co.*, 205 Ga. App. 531, 532 (422 SE2d 563) (1992).

The undisputed facts show that defendant was plaintiff's statutory employer within the meaning of OCGA § 34-9-8 (a). *Wright*, supra; *Fennell*, supra; *Winn-Dixie Atlanta v. Couch*, 193 Ga. App. 352 (387 SE2d 590) (1989).

*Judgment reversed. McMurray, P. J., and Cooper, J., concur.*

DECIDED JUNE 10, 1993 —
RECONSIDERATION DENIED JULY 1, 1993 — ▮▮▮▮▮

*Jones, Cork & Miller, Carr G. Dodson, Timothy Harden III*, for appellant.

*Tinkler & Groff, William P. Tinkler, Jr., David B. Groff*, for appellees.