S93G0738. YOHO v. RINGIER OF AMERICA, INC.
(434 SE2d 57)

CARLEY, Justice.

Accu-Rite Machine Company (Accu-Rite) contracted to perform repair work on the solvent recovery system at appellee-defendant's printing plant. Appellant-plaintiff is an employee of Accu-Rite. While working on the solvent recovery system at appellee's plant, appellant was injured in an explosion. Appellant brought suit and appellee raised the statutory employer defense, asserting that appellant's sole remedy was recovery of workers' compensation benefits. Cross-motions for summary judgment were filed as to this defense. The trial court denied appellant's motion and granted summary judgment in favor of appellee.

In *Yoho v. Ringier of America,* 207 Ga. App. 233 (427 SE2d 544) (1993), the Court of Appeals affirmed, applying the "enterprise" theory which that court had first recognized in *Wright v. M. D. Hodges Enterprises,* 183 Ga. App. 632 (359 SE2d 700) (1987).

We conclude that under the facts in this case, [appellee] served as its own general contractor in the repair and servicing of its solvent recovery system. Just because [appellee] operated a printing plant and Accu-Rite was a machine shop, it does not necessarily follow that they could not engage in such a "common enterprise," as appellant argues. As in *Wright*, supra at 634, "defendant owner not only acted as its own general contractor but was also actively involved in the enterprise in which plaintiff was injured. Here, the owner was more than a mere developer who hires others to construct improvements upon his land. The undisputed facts show that [appellee] acted as supervisor and a supplier of labor for the project. Therefore, summary judgment was properly granted to [appellee] on the ground [it] was [appellant's] statutory employer." [Cits.]

*Yoho v. Ringier of America*, supra, 235 (1).

We granted a writ of certiorari in order to address the issue of the viability of the "enterprise" theory as a basis for the imposition of workers' compensation liability and the concomitant availability of tort immunity.

A principal, intermediate, or subcontractor shall be liable for compensation to any employee injured while in the employ of any of his subcontractors engaged upon the subject matter of the contract to the same extent as the immediate employer.

OCGA § 34-9-8 (a). In *Evans v. Hawkins*, 114 Ga. App. 120, 122 (150 SE2d 324) (1966), it was held:

[S]ince the secondary liability [for workers' compensation] imposed under this Code section is predicated upon the existence of the principal contractor-subcontractor relationship, this provision of the Compensation Act is not intended to cover all employers who let out work on contract but is limited to those who contract to perform certain work, such as the furnishing of goods and services, *for another*, and then sublet in whole or part such work. [Cit.]

(Emphasis supplied.)

Under this interpretation of OCGA § 34-9-8 (a), appellee would *not* be a statutory employer secondarily liable to appellant for workers' compensation benefits. Appellee did not owe to another any contractual obligation of performance with regard to the repair of the solvent recovery system. The solvent recovery system was a part of

appellee's own plant and the contractual obligation with regard to the repair thereof was not owed by appellee to another, but was owed to appellee by Accu-Rite.

> It would be unreasonable to assume that a person could contract with himself to do something for his own benefit so as to answer the definition of original contractor if he should contract the performance of that operation to another person or concern.

*Evans v. Tabor City Lumber Co.*, 59 SE2d 612, 616 (N.C. 1950). (Cited as authority in *Evans v. Hawkins*, supra).

> [I]t is evident from this holding [in *Evans v. Hawkins*, supra,] that the court contemplated as essential to the contractor-subcontractor relationship first the existence of a contractual obligation on the part of the person to be held a contractor, and second a subletting of a part of that obligation to the person to be held a subcontractor.

*Thorsheim v. State of Alaska*, 469 P2d 383, 389 (Alaska 1970).

In *Manning v. Ga. Power Co.*, 252 Ga. 404, 405-406 (314 SE2d 432) (1984), this construction of OCGA § 34-9-8 (a) was adopted by this court:

> In *Evans v. Hawkins*, [supra], it was established that "principal" in paragraph (a) [of OCGA § 34-9-8] meant "principal contractor," . . . and not a principal party to whom an obligation to perform work is owed. Thus a property owner, although he may be a "principal," is not a principal contractor within the meaning of this section and is not a statutory employer who is liable for workers' compensation benefits or immune to tort liability by reason of the exclusive remedy provision of the Act, OCGA § 34-9-11 [cit.]. . . . "Owners or entities merely in possession or control of the premises would not be subject to workers' compensation liability as statutory employers, except in the isolated situation where the party also serves as a contractor for yet another entity and hires another contractor to perform the work on the premises." [Cit.] We agree with and adopt this analysis of the intent and meaning of OCGA § 34-9-8 (a) [cit.] as to the statutory employer doctrine.

In *Wright v. M. D. Hodges Enterprises*, supra at 633 (1), however, the Court of Appeals held:

If . . . the owner is not "merely in possession or control of the premises" but is actively involved in the enterprise in which the employee was injured, then the circumstances of the particular case should determine whether the owner is a statutory employer of the injured employee. . . . "In the construction business, the 'owner' obstacle has been overcome by finding that the owner was his own general contractor, or by ruling that a general building contractor is no less a covered contractor because he is also the owner of the property he is developing." [Cits.]

The error which we perceive in *Wright* is in viewing the issue from the perspective of "the 'owner' obstacle." The true issue is the statutory construction of OCGA § 34-9-8 (a) and that statute does *not* purport to create an obstacle to an injured employee by granting *immunity* from workers' compensation liability to an "owner." By its terms, OCGA § 34-9-8 (a) provides *for* secondary *liability* for an injured employee's workers' compensation benefits. Only an entity who is secondarily liable for workers' compensation benefits under OCGA § 34-9-8 (a) is consequently entitled to tort immunity under OCGA § 34-9-11. As recognized originally in *Evans* and subsequently in *Manning*, it is only a "contractor" who is secondarily liable for workers' compensation benefits and who is, therefore, entitled to tort immunity. An owner who is merely in possession or control of the premises would not be subject to workers' compensation liability as a statutory employer and would not be immune from tort liability. However, this would not be the result of his status as an "owner," but of his lack of status as a "contractor." The contractual obligation of performance is owed to, rather than by, such an owner and he could not, therefore, be considered a "contractor."

Nothing in *Evans* and *Manning* authorizes the conclusion that an "owner" who is not merely in possession and control of the premises but who is actively involved in the enterprise in which the employee was injured could be found to be a statutory employer under OCGA § 34-9-8 (a). Under *Evans* and *Manning*, only a "contractor" can be a statutory employer and an "owner" cannot be a "contractor" if the contractual obligation of performance is owed to, rather than by, him. An "owner" does not attain "contractor" status under OCGA § 34-9-8 (a) by his active involvement in the enterprise, but only " 'in the isolated situation where [he] also serves as a *contractor for yet another entity* and hires another contractor to perform the work on the premises.' [Cit.]" (Emphasis supplied.) *Manning v. Ga. Power Co.*, supra at 406.

Ordinarily, in common usage, a "contractor" is one who un-

dertakes to perform work *for another*. [Cits.] A "principal contractor" differs from a simple "contractor" only in that a "principal contractor" engages subcontractors to assist in the performance of the work or the completion of the project which the "principal contractor" has undertaken to perform *for another*. In ordinary meaning and common usage, therefore, an *owner* who undertakes to execute a work or complete a project under his own general supervision, contracting with others for specialized services, is not a "principal contractor." [Cits.] The conclusion is inescapable that [appellee], as an owner of premises contracting with others for work to be done *for* [appellee] was not a "principal contractor" under the meaning of that term in common usage. . . . [Moreover,] [t]he purpose [of OCGA § 34-9-8] to provide some up-the-ladder coverage can be accomplished by construing the statute as intended to impose liability up the ladder to the principal contractor *when there is a principal contractor*. . . . [Thus, the statute] embraces all who are in the venture with the hope of making a profit out of the *doing* of the work as distinguished from one out of the use [or] disposition of the completed project. We cannot say that the purpose was so obviously to embrace the owner, when there is no principal contractor in the ordinary sense, that the term "principal contractor" must be given a meaning other than its normal one.

(Emphasis in original.) *Bright v. Reynolds Metals Co.*, 490 SW2d 474, 476-477 (Ky. 1973) (construing a statute virtually identical to OCGA § 34-9-8). See also *Thorsheim v. State of Alaska*, supra; *Brady v. Ralph Parsons Co.*, 520 A2d 717 (Md. 1987); *Jones v. Fla. Power Corp.*, 72 S2d 285 (Fla. 1954).

It follows that *Wright* and the subsequent decisions of the Court of Appeals which follow *Wright* must be disapproved insofar as they purport to give effect to an "enterprise" theory whereby an "owner" who is not also a "contractor" may nevertheless be held liable for workers' compensation benefits and immune from tort liability.[1] That theory is inconsistent with OCGA § 34-9-8's concept of "principal contractor" as defined in *Evans* and *Manning*.

---

[1] A non-inclusive list of such additionally disapproved cases would include the following: *Falagan v. Ga. Power Co.*, 205 Ga. App. 531 (422 SE2d 563) (1992); *Travelers Ins. Co. v. McNabb*, 201 Ga. App. 297, 303 (3) (410 SE2d 788) (1991); *Fennell v. Max Rittenbaum, Inc.*, 199 Ga. App. 619 (2) (405 SE2d 546) (1991); *Winn-Dixie Atlanta v. Couch*, 193 Ga. App. 352 (387 SE2d 590) (1989); *Whitehead v. CHP, Ltd.*, 192 Ga. App. 417 (385 SE2d 124) (1989).

[E]ven though the [workers'] compensation laws are to be liberally applied in favor of claimants, we cannot simply disregard the fact that our statute uses the terms "[principal] contractor" and "subcontractor."

*Thorsheim v. State of Alaska*, supra at 388. A mere owner to whom the contractual obligation of performance is owed and from whom no contractual obligation of performance is due is not a "principal contractor" under OCGA § 34-9-8. Since the "enterprise" theory is not viable and appellee was not shown to be a "contractor," the Court of Appeals erred in affirming the denial of appellant's motion for summary judgment and the grant of summary judgment in favor of appellee.

*Judgment reversed. All the Justices concur, except Hunt, P. J., who concurs in the judgment only.*

DECIDED SEPTEMBER 13, 1993.

*Davis, Gregory & Christy, Hardy Gregory, Jr., Joseph R. Neal, Michael W. Skeen,* for appellant.

*Fulcher, Hagler, Reed, Hanks & Harper, J. Arthur Davison, Hull, Towill, Norman & Barrett, Patrick J. Rice,* for appellee.