## A93A1799. DYE v. TRUSSWAY, INC.
(438 SE2d 194)

BIRDSONG, Presiding Judge.

Lester Dye appeals from the grant of summary judgment to Trussway, Inc. He contends the trial court improperly found that Trussway was his statutory employer within the meaning of our Workers' Compensation Act so that his tort action against Trussway was barred under OCGA § 34-9-11.

Dye was employed by Abear Service Group, a temporary employment agency, and assigned to Trussway under a written agreement between Abear and Trussway. In the course of Dye's work at Trussway, Dye's hand was severely injured in an on-the-job accident.

Abear paid Dye, handled all his personnel records, provided his unemployment insurance, and according to Abear, had the right to terminate his employment or to change his assignment from one place to another at Abear's discretion. Trussway, however, contended that it had the right to terminate Dye's employment.

Dye contends that as the trial court granted summary judgment on the sole issue of whether Trussway was Dye's statutory employer (OCGA § 34-9-8 (a)), the primary issue is whether there was a contractor/subcontractor relationship between Trussway and Abear. Trussway, however, contends that a contractual relationship is not required and that an independent contractor can be a subcontractor under the "owner plus" theory if the work is an integral part of the owner's overall business or enterprise. *Held:*

This case is controlled by our Supreme Court's recent decision in *Yoho v. Ringier of America,* 263 Ga. 338 (434 SE2d 57), which has clarified the application of tort immunity under the statutory employer principle. Although *Yoho* was decided after the trial court's action in this case, we are obliged to apply the decision to this appeal.

*Clary v. State*, 151 Ga. App. 301 (259 SE2d 697).

In combination, OCGA §§ 34-9-8 (a) and 34-9-11 grant tort immunity to contractors who are secondarily liable for workers' compensation benefits. Our law, however, does not grant tort immunity to owners, who are not contractors, even though they are in control of premises and are actively involved in the enterprise in which an employee was injured. *Yoho*, supra at 341. An owner who is not a contractor owing an obligation of performance to another is not a secondary employer even if a subcontractor owes a duty of performance to the owner. Id. Therefore, the issue is whether Trussway owed a contractual duty of performance to another. Since it is apparent from the record that Trussway did not, it is not a "contractor" within the meaning of OCGA § 34-9-8 (a). *Yoho*, supra at 343. Accordingly, Trussway was not entitled to tort immunity under OCGA § 34-9-11 and the trial court erred by granting summary judgment to Trussway.

*Judgment reversed. Pope, C. J., and Andrews, J., concur.*

DECIDED NOVEMBER 24, 1993.

*Daniel B. Simon III*, for appellant.

*Swift, Currie, McGhee & Heirs, Robin L. Frazer, Stephen L. Cotter*, for appellee.