A93A1212. GUILLMAN v. GEORGIA POWER COMPANY et al.
(440 SE2d 83)

MCMURRAY, Presiding Judge.

Plaintiff Guillman is an employee of an independent contractor who was injured while doing maintenance and repairs at defendant Georgia Power Company's Plant Branch during a periodic shutdown of a generating unit. The grant of defendant's motion for summary judgment in plaintiff's tort action was appealed to this Court. We affirmed the judgment of the superior court without opinion since under our understanding of the law at that time, defendant being actively engaged in the enterprise in which plaintiff was injured was clearly plaintiff's statutory employer and plaintiff's sole remedy was the recovery of workers' compensation benefits. Such had been our consistent holding under a line of cases originating with *Wright v. M. D. Hodges Enterprises*, 183 Ga. App. 632 (359 SE2d 700).

However, in *Yoho v. Ringier of America*, 263 Ga. 338 (434 SE2d 57), the Supreme Court disapproved of the "enterprise" theory and overruled our decisions in *Wright v. M. D. Hodges Enterprises*, 183 Ga. App. 632, supra, and its progeny, including the recent and similar

case of *Falagan v. Ga. Power Co.*, 205 Ga. App. 531 (422 SE2d 563). Specifically, the Supreme Court held that "only a 'contractor' can be a statutory employer and an 'owner' cannot be a 'contractor' if the contractual obligation of performance is owed to, rather than by, him. An 'owner' does not attain 'contractor' status under OCGA § 34-9-8 (a) by his active involvement in the enterprise, but only ' "in the isolated situation where (he) also serves as a *contractor for yet another entity* and hires another contractor to perform the work on the premises." (Cit.)' (Emphasis supplied.) *Manning v. Ga. Power Co.*, [252 Ga. 404, 406 (314 SE2d 432)]." *Yoho v. Ringier of America*, 263 Ga. 338, 341, supra.

A writ of certiorari was granted by the Supreme Court in the case sub judice. Our judgment was vacated and the case was remanded for reconsideration in the light of *Yoho v. Ringier of America*, 263 Ga. 338, supra.

Upon return of the case to this Court, defendant maintains that it is a contractor within the meaning of OCGA § 34-9-8 (a) as illuminated by *Yoho v. Ringier of America*, 263 Ga. 338, supra. Defendant maintains that it was literally serving as a contractor for yet another entity, its customers.

In this connection, defendant points out that it has numerous contracts to supply electric power to consumers and intermediate distributors. Although no evidence was developed on this point below, we may take judicial notice of this fact which is general knowledge within this state. It is also true that such contracts would necessarily obligate defendant to obtain and maintain the generating capacity to provide this electricity. The crux of defendant's argument is that the contract with plaintiff's employer was the equivalent of subcontracting a portion of the power generating function implicit in its service contracts.

This brings us to a final issue arising from the decision in *Gray Building Systems v. Trine*, 260 Ga. 252, 253 (391 SE2d 764). This recent Supreme Court decision, which was not cited in the *Yoho* decision, states that a mere contract for the sale of goods does not make the seller a "contractor" under OCGA § 34-9-8 unless the contract to sell is accompanied by an undertaking to render substantial services in connection with the goods sold. While defendant, in the case sub judice, presents a multi-faceted argument that indeed it does provide such services and that such is intrinsic to any undertaking to provide electric power, this supposition is not readily apparent to this Court nor supported by the record in the case sub judice. Indeed, it is quite understandable that the record created below in anticipation of the application of the "enterprise" theory overruled in *Yoho v. Ringier of America*, 263 Ga. 338, supra, is lacking when called upon to support defendant's new theory developed following remand of the case from

the Supreme Court. Nonetheless, since there are genuine issues of material facts remaining in the case sub judice, the grant of summary judgment in favor of defendant and against plaintiff was error.

*Judgment reversed. Pope, C. J., and Smith, J., concur.*

DECIDED JANUARY 20, 1994.

*Smith, Gambrell & Russell, Glen P. Brock III, David A. Handley,* for appellant.

*Jones, Cork & Miller, H. Jerome Strickland, H. J. Strickland, Jr., Moore & Mangum, Joab O. Mangum III,* for appellees.