S90A0422. GRAY BUILDING SYSTEMS et al. v. TRINE.

(391 SE2d 764)

PER CURIAM.

Appellee Trine was injured while unloading steel beams from his employer's truck at the job site of appellant Gray Building Systems. The Administrative Law Judge (ALJ) who heard appellee's claim for workers' compensation benefits from Gray Building found that Gray Building was appellee's statutory employer and awarded total disability benefits to appellee. The State Board of Workers' Compensation affirmed the ALJ; the trial court affirmed the Board's decision; and the Court of Appeals denied appellant's application for discretionary review. We granted certiorari to review whether appellee was a statutory employee of Gray Building.[1] We reverse.

Gray Building's construction manager called David's Welding Service, appellee's employer, on the day of the accident and ordered door and window lintels which he needed immediately for the current Gray Building construction job. The lintels, which had to be fabricated by a welder according to specific measurements of the building in which they were to be placed, were to be fabricated on the construction site. David's Welding Service was only to make the lintels; they were to be installed by someone else. While unloading the supplies necessary to make the lintels at the construction site, appel-

---

[1] Appellee's employer had only two employees and thus was not required to have, and did not have, workers' compensation coverage. OCGA § 34-9-2 (a).

lee was injured.

OCGA § 34-9-8 provides that a principal shall be liable, to the same extent as a worker's immediate employer, for compensation to any employee injured on the principal's worksite while in the employ of any of the principal's subcontractors engaged upon the subject matter of the contract. Since it is undisputed that appellee was injured on Gray Building's construction site, the question for determination is whether appellee's employer was appellant's subcontractor the day appellee was injured.

A mere contract for the sale of goods does not make either the buyer or seller or both a "contractor" as used in OCGA § 34-9-8. In order to make a party to the contract for the sale of goods such a "contractor," the contract to sell must be accompanied by an undertaking by either party to render substantial services in connection with the goods sold. *Evans v. Hawkins*, 114 Ga. App. 120, 124 (150 SE2d 324) (1966). The record before us contains no evidence of a substantial service that was rendered in connection with the lintels sold by appellee's employer to appellant. The fact that appellee's employer fabricated the lintels on appellant's construction site does not, in and of itself, make appellee's employer a subcontractor of appellant.

*Judgment reversed. All the Justices concur, except Benham, J., who dissents.*

DECIDED MAY 31, 1990 —
RECONSIDERATION DENIED JUNE 20, 1990.

*Drew, Eckl & Farnham, John C. Bruffey, Jr., Gary R. Hurst,* for appellants.
*William P. Evans,* for appellee.