## A92A0285. SYKES v. SMOLEK GRADING, INC.
### (420 SE2d 85)

BEASLEY, Judge.

Sykes appeals from the grant of summary judgment to Smolek Grading in this tort action for injuries allegedly resulting from a construction accident.

Smolek contracted with the developer of a residential subdivision for the grading of a home site, including the removal of logs and limbs. Pursuant to that agreement, Smolek was required to purchase and maintain workers' compensation insurance covering all individuals it might hire to assist with the grading. Sykes, a self-employed log hauler, was hired by Smolek to remove logs. The two had worked together on other occasions with the understanding that Smolek would deduct from Sykes' pay an amount sufficient to cover the cost of workers' compensation insurance covering Sykes while working with Smolek. On this occasion, Sykes was compensated with the logs, so there was no pay from which to deduct workers' compensation insurance premiums.

He was in the process of sawing trees into log lengths and loading them on his truck when he was struck in the head by a tree and rendered unconscious. At that time, Smolek was insured under a policy of workers' compensation insurance covering any employee injured in the normal course of his business. Sykes received workers' compensation benefits for two months. He then elected to discontinue them and filed the present action in tort.

Summary judgment was granted to Smolek on the basis that the tort claim was barred because appellee's sole and exclusive remedy was under the Workers' Compensation Act, OCGA § 34-9-1 et seq.

1. Appellant asserts that the award of summary judgment was erroneous because a factual question remains as to whether the parties "intended" him to be covered by workers' compensation insurance at the time of the injury.

The parties' intent is irrelevant to the issue before us. Nor is it of any import whether appellee was obligated by law to provide coverage. The undisputed evidence was that appellee did provide workers' compensation insurance. OCGA § 34-9-124 (b) provides: "A policy of insurance issued under this chapter shall always first be construed as an agreement to pay compensation; . . . compensation shall be paid to an injured employee . . . for a compensable accident as if the employer or the employee or both were subject to this chapter, the policy of compensation insurance constituting a definite contract between all parties concerned." "[C]overage, once granted, shall be effectual, although in circumstances where it would not otherwise be obligatory for the employer to come under the Act." *Security Ins. Group v. Plank*, 133 Ga. App. 815, 816 (1) (212 SE2d 471) (1975).

Whether appellant's relationship with appellee was that of independent contractor or master-servant is of no consequence. "OCGA § 34-9-1 (3) provides: ' "Employer" shall include . . . any person who, pursuant to a contract or agreement with an employer, *provides workers' compensation benefits* to an injured employee, *notwithstanding the fact that no common-law master-servant relationship or contract of employment exists between the injured employee and the person providing the benefits.*' (Emphasis supplied.)" *Capitol Fish Co. v. Tanner,* 192 Ga. App. 251, 252 (2) (384 SE2d 394) (1989).

OCGA § 34-9-8 (a) is inapplicable here. Under that provision, the general contractor, in this case the subdivision developer, is in effect deemed the statutory employer of an injured employee of a subcontractor and may thus be liable for workers' compensation benefits. "A principal, intermediate, or subcontractor shall be liable for [statutory workers'] compensation to any employee injured while in the employ of any of his subcontractors engaged upon the subject matter of the contract to the same extent as the immediate employer." OCGA § 34-9-8 (a). The present action was brought by appellant against his immediate employer (appellee). There is no issue of liability on the part of the developer which would trigger the provisions of OCGA § 34-9-8. See, in the context of the liability of a statutory employer, *Wright Assoc. v. Rieder,* 247 Ga. 496 (277 SE2d 41) (1981); *Landrum v. Cobb County Concrete Prods.,* 191 Ga. App. 805 (383 SE2d 144) (1989).

"The rights and the remedies granted to an employee by this chapter shall exclude all other rights and remedies of such employee . . . on account of such injury. . . ." OCGA § 34-9-11. It is well settled that an employer is immune under OCGA 34-9-11 to any action in negligence by an employee who has received workers' compensation benefits for which he was entitled. *Blue Bell Globe Mfg. Co. v. Baird,* 61 Ga. App. 298 (6 SE2d 83) (1939); *Freeman v. Ryder Truck Lines,* 244 Ga. 80 (2) (259 SE2d 36) (1979).

Appellant sustained an accidental injury while doing the work he was employed to perform. He and appellee's employees were covered by a policy of workers' compensation insurance. Appellant was entitled to receive, and was the recipient of, those benefits. His sole and exclusive remedy was under the workers' compensation laws. He cannot now maintain an action in tort against his immediate employer. OCGA § 34-9-11. Summary judgment was properly awarded.

2. Appellant enumerates as error the basis upon which his workers' compensation benefits were calculated. This issue falls within the purview of the workers' compensation board and is not properly before this court.

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

Decided June 23, 1992.

*Paul C. Parker & Associates, William S. Sarandis,* for appellant.
*Nall, Miller, Owens, Hocutt & Howard, Robert B. Hocutt, Michael D. Hostetter,* for appellee.