A93A2481. MOBLEY v. FLOWERS et al.
(440 SE2d 473)

BIRDSONG, Presiding Judge.

Plaintiff Hubert Mobley filed suit against James N. Flowers and Colquitt Electric Membership Corporation (CEMC), for damages for injuries allegedly received as a result of a severe electrical shock caused by the combined negligence of Flowers and CEMC. The trial court granted summary judgment to Flowers on grounds of lack of proximate cause and statutory employer immunity, and granted summary judgment to CEMC on grounds of lack of proximate cause. Mobley filed this appeal. *Held*:

1. The evidence shows beyond any genuine issue of material fact that appellant's employer, Scruggs Concrete Company was merely a seller and deliverer of goods to the general contractor Flowers at the site of a house being built by Flowers. Where an injured plaintiff not only delivered door and window lintels but was to fabricate them on the site, the Supreme Court held: "A mere contract for the sale of goods does not make either the buyer or seller or both a 'contractor' as used in OCGA § 34-9-8. In order to make a party to the contract for the sale of goods such a 'contractor,' the contract to sell must be accompanied by an undertaking . . . to render substantial service in connection with the goods sold. [Cit.] . . . The fact that [the seller] fabricated the lintels on [the contractor's] construction site does not, in and of itself, make appellee's employer a subcontractor of appellant." *Gray Bldg. Systems v. Trine*, 260 Ga. 252, 253 (391 SE2d 764).

Scruggs Concrete merely performed the usual services of a seller of brick, and appellant merely delivered the bricks; he did much less than the appellant in *Gray Bldg. Systems* was to do. *Gray Bldg. Systems* controls over *Carver v. Jasper Constr. Co.*, 183 Ga. App. 485 (359 SE2d 183). Appellant's employer was not a subcontractor of Flowers, so Flowers was not the statutory employer per OCGA § 34-9-11 and is not immune to tort liability.

2. However, the trial court correctly granted summary judgment to Flowers on the issue of proximate cause. Reasonable minds cannot differ on the conclusion that Flowers' negligence, if any, did not cause appellant's injury. *Collins v. Altamaha EMC*, 151 Ga. App. 491, 492 (260 SE2d 540).

On defendants' motions for summary judgment, the evidence is adjudged in the light most favorable to the respondent, Mobley. *Lau's Corp. v. Haskins,* 261 Ga. 491 (405 SE2d 474). In an affidavit in response to the Flowers' motion for summary judgment, appellant stated that he was a truck driver and delivery man for Scruggs Concrete, which was a seller and supplier of materials ordered by Flowers; on September 11, 1990, appellant delivered bricks to the site where Flowers' crew was building a house; the house site was in the area of a small abandoned trailer park; there was a CEMC power line extending from a dirt road to the abandoned trailer park in a field; when appellant delivered the bricks, Flowers' workers were working on the top of the house framing within eight feet of the power line; at the same time, CEMC workers with trucks bearing CEMC insignia were working along the dirt road erecting new poles and lines and were moving the line; it appeared to appellant that the electricity had been cut off because CEMC workers were moving the line and because Flowers' employees were working on top of the house within eight feet of the line.

Appellant states further in affidavit that at no time did anyone warn him that the power line was "live"; he was told by Mr. Flowers where to put the bricks, and to place the bricks in that spot appellant had to position his truck under the power line. He got out of the truck and, using a remote control switch, operated the boom on the truck to lower the bricks; the switching device was on the end of a long insulated cord; appellant was standing on the ground and had no idea that electrical power could come down the boom, through the truck, and out the switch line. The switch had not previously malfunctioned but on this occasion the boom went up instead of down.

On Flowers' motion for summary judgment we accept appellant's sworn statement that Mr. Flowers did not warn him about the power line. *Lau's Corp.*, supra. Construing the evidence most favorably to appellant, all reasonable indicia were that the electrical current had been cut off, and Flowers knew it had not been cut off when he instructed his own workers to work within eight feet of it and when he told appellant to place the bricks in a position which brought appellant in proximity to it. However, appellant conceded that if the switch on his truck boom had not malfunctioned he would not have been injured. "The causal connection between an original act of negligence and injury to another is not broken by the 'intervening' act of a third person, if the nature of such intervening act was such that it could reasonably have been anticipated or foreseen by the original wrongdoer." *Williams v. Grier,* 196 Ga. 327, hn. (2a) (26 SE2d 698). The foreseeability of an intervening act is a question upon which reasonable minds might differ (*Collins v. Altamaha EMC,* supra at 492); in this case, reasonable minds cannot differ in the conclusion that Flow-

ers could not foresee that the boom on appellant's delivery truck would malfunction and come into contact with the wire, causing injury to appellant.

3. As to CEMC, summary judgment was proper. A power company is not liable merely because a malfunctioning machine brings a worker in contact with a live wire. See *Beamon v. Ga. Power Co.*, 199 Ga. App. 309, 311 (404 SE2d 463). Power companies are charged with the duty to exercise ordinary care in construction and maintenance of its wires. Id. at 310-311. Appellant contends questions of fact are raised by the presence of a live wire and of CEMC workers relocating that wire at a building site at an abandoned trailer park in the middle of a field where it might reasonably be inferred that the power had been cut off. "High voltage lines must be maintained 'in such a manner and at such a location as not to injure persons who might be *reasonably* expected to come in contact with such lines.' *Carden v. Ga. Power Co.*, 231 Ga. 456, 457. (202 SE2d 55)." (Emphasis supplied.) *Beamon*, supra at 311. See also *Mathews v. Ga. Power Co.*, 175 Ga. App. 441 (333 SE2d 631); *Douberly v. Okefenokee Rural EMC*, 146 Ga. App. 568 (246 SE2d 708). Although appellant could reasonably be expected to come on the premises and even to come close to the wire, reasonable minds cannot differ that appellant was not authorized to assume the power line was "dead." Moreover, no genuine issue of material fact remains that the malfunctioning boom on appellant's truck was the cause of his injury and that CEMC could not reasonably foresee this intervening act and the resulting injury. *Collins v. Altamaha EMC*, supra.

*Judgment affirmed. Pope, C. J., and Andrews, J., concur.*

DECIDED JANUARY 3, 1994 —
RECONSIDERATION DENIED JANUARY 28, 1994 —

John T. Croley, Jr., Jay, Sherrell & Smith, Robert E. Sherrell, for appellant.

*Simpson, Gray & Carter, Ralph F. Simpson, Melanie B. Cross,* for appellees.