A03A1046. REYNOLDS v. McKENZIE-PERRY HOMES, INC.

(582 SE2d 534)

ELDRIDGE, Judge.

Clyde James Reynolds, Jr. was hired as an independent contractor/sole-proprietor for Pro Plumbing, a subcontractor of McKenzie-Perry Homes, Inc., here the developer-general contractor. Reynolds was injured in one of McKenzie-Perry's houses under construction when the second-floor stairs collapsed. As a condition of the contract with Pro Plumbing, Reynolds had deducted from his payment checks, as sole-proprietor/independent contractor, the cost of adding him to Pro Plumbing's workers' compensation coverage with the Travelers Insurance Company. Thus, Reynolds did not come under the exception of OCGA § 34-9-2.2. See *Kaplan v. Pulte Home Corp.*, 245 Ga. App. 286, 287 (1) (537 SE2d 727) (2000); see generally *Sherwin-Williams Co. v. Escuadra*, 224 Ga. App. 894, 896 (482 SE2d 505) (1997); *Subsequent Injury Trust Fund v. Lumley Drywall*, 200 Ga. App. 703, 704-705 (409 SE2d 254) (1991). Travelers paid medical benefits and weekly wage benefits under Pro Plumbing's workers' compensation coverage on plaintiff's claims. When Reynolds sued

---

McKenzie-Perry, the trial court granted summary judgment to it as the statutory employer under OCGA § 34-9-8 (a). Finding no error, we affirm.

Plaintiff contends that the trial court erred in finding that McKenzie-Perry was entitled to immunity as the statutory employer as the principal of Reynolds' subcontractor principal, Pro Plumbing. We do not agree.

> Normally, an independent contractor is not entitled to workers' compensation benefits from his principal. An exception to this rule is OCGA § 34-9-8 (a). . . . This statutory employer provision, designed to ensure that employees in construction and other industries are covered by workers' compensation, allows the subcontractor's employees to seek benefits from their employer's principal when the subcontractor defaults in his obligations to them. It also encourages the principal to require subcontractors to carry workers' compensation insurance for the subcontractor['s] employees.

(Citations and punctuation omitted.) *Sherwin-Williams Co. v. Escuadra*, supra at 895. "[A] sole-proprietor subcontractor should not ordinarily be considered both employer and employee for purposes of OCGA § 34-9-8's statutory employer provisions." Id. at 896.

In pertinent part, OCGA § 34-9-11 (a) provides:

> [t]he rights and the remedies granted to an employee by this chapter shall exclude all other rights and remedies of such employee . . . at common law . . . ; provided, however, that no employee shall be deprived of any right to bring an action against any third-party tort-feasor, other than an employee of the same employer or any person who, pursuant to a contract or agreement with an employer, provides workers' compensation benefits to an injured employee, notwithstanding the fact that no common-law master-servant relationship or contract of employment exists between the injured employee and the person providing the benefits.

> [McKenzie-Perry] does not come under any of the three express exceptions to an employee's right to sue a third party. It was not an employee of the same employer; it was neither an insurer nor a person who provided workers' compensation benefits under a contract with the employer; nor was it a "construction design professional." *Warden v. Hoar Constr. Co.*, 269 Ga. 715, 716 (1) (507 SE2d 428) (1998). Thus, the only possible exception to tort liability for [McKen-

zié-Perry] must come as a statutory employer. Id. at 716. See also OCGA § 34-9-8.

(Punctuation omitted.) *Kaplan v. Pulte Home Corp.*, supra at 287 (1). For an independent contractor/sole-proprietor to be treated as providing his own workers' compensation coverage, he must comply with OCGA § 34-9-2.2 by having his own workers' compensation policy, by giving notice of the election, and by paying the extra premium for his own coverage as an employee. Id. at 287; see also OCGA § 34-9-2.2; *Sherwin-Williams Co. v. Escuadra*, supra at 896; *Subsequent Injury Trust Fund v. Lumley Drywall*, supra at 705.

In this case, unlike *Kaplan v. Pulte Home Corp.*, supra, where the independent contractor/sole-proprietor of the subcontractor provided his own workers' compensation coverage, gave notice of such election to his own workers' compensation insurer, and paid an additional premium to be treated as an employee, Reynolds had money deducted by Pro Plumbing so that he would be covered under Pro Plumbing's workers' compensation coverage provided by Travelers and that he was Pro Plumbing's employee for purposes of workers' compensation coverage. Id. at 287.

Where an independent contractor/sole-proprietor contracts with his principal, the subcontractor for the general contractor, for his workers' compensation coverage to be included under the principal's workers' compensation coverage and he receives benefits, the general contractor-subdivision developer is deemed to be the statutory employer of the injured sole-proprietor/independent contractor of the subcontractor. *Sykes v. Smolek Grading, Inc.*, 204 Ga. App. 633, 634 (1) (420 SE2d 85) (1992); see also *Wright Assoc. v. Rieder*, 247 Ga. 496 (277 SE2d 41) (1981); *Cowart v. Crown American Properties*, 258 Ga. App. 21, 22 (1) (572 SE2d 706) (2002); *Landrum v. Cobb County Concrete Products*, 191 Ga. App. 805, 806 (1) (383 SE2d 144) (1989).

> OCGA § 34-9-1 (3) provides: Employer shall include any person who, pursuant to a contract or agreement with an employer, provides workers' compensation benefits to an injured employee, notwithstanding the fact that no common-law master-servant relationship or contract of employment exists between the injured employee and the person providing the benefits.

(Punctuation and emphasis omitted.) *Capitol Fish Co. v. Tanner*, 192 Ga. App. 251, 252 (2) (384 SE2d 394) (1989); *Sykes v. Smolek Grading, Inc.*, supra at 634. Thus, when workers' compensation benefits are paid by the insurer of a subcontractor to an injured sole-proprietor/independent contractor, in construing the statutory

employer rule, there is no distinction between an employee or independent contractor/sole-proprietor of the subcontractor. See *Fowler-Flemister Concrete v. Sumner*, 209 Ga. App. 312 (433 SE2d 329) (1993).

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED MAY 22, 2003.

*Ezor & Olens, Samuel S. Olens, William H. Buckley*, for appellant.

*Carlock, Copeland, Semler & Stair, Scott D. Huray, Brina N. Smith*, for appellee.