**James HUMPHREY, Plaintiff–Appellant,**

**and**

**Twin City Fire Insurance Company, Intervenor–Appellant**

v.

**WHOLE FOODS MARKET ROCKY MOUNTAIN/SOUTHWEST, L.P., a Texas limited partnership, Defendant–Appellee.**

**No. 09CA0234.**

Colorado Court of Appeals, Div. II.

April 1, 2010.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2009.

Wilcox & Ogden, P.C., Ralph Ogden, Denver, Colorado; David Levy, Boulder, Colorado, for Plaintiff–Appellant.

Law Offices of Todd A. Myers, L.L.C., Todd A. Myers, Lakewood, Colorado, for Intervenor–Appellant.

Kennedy, Childs & Fogg, P.C., Kevin P. Perez, Jennifer C. Madsen, Denver, Colorado, for Defendant–Appellee.

Weinberger Law Offices, P.C., Robert A. Weinberger, Denver, Colorado, for Amicus Curiae Colorado Defense Lawyers Association, Workers' Compensation Division.

Opinion by Judge BOORAS.

In this premises liability negligence action, plaintiffs, James Humphrey and Twin City Fire Insurance Company (Twin City), appeal the district court's summary judgment in favor of defendant, Whole Foods Market Rocky Mountain/Southwest, L.P. (Whole Foods). We affirm.

## I. Factual Background

Humphrey was a delivery driver employed by Phil's Fresh Foods (Phil's). He generally delivered Phil's burritos to one of Whole Foods' stores weekly. Each time Humphrey made a delivery to the store, he performed the following tasks, which took about twenty-five minutes in all:

- Checked in with Whole Foods' receiver.
- Went into the retail area of the store to the refrigerated display of Phil's products.
- Inventoried the burritos, noting outdated products and determining the new supply needed.
- Prepared an invoice and selected the products to put in stock.
- Brought the products to the receiver and obtained his signature on the invoice.
- Arranged the new products on the display shelves.
- Removed outdated products, brought them to the receiver to inventory, and took them back to the delivery truck.

Phil's workers compensation insurer, Twin City, paid benefits to Humphrey for injuries he sustained in Whole Foods' store while attempting to perform the tasks listed above. Humphrey then filed suit against Whole Foods, claiming his injuries resulted from Whole Foods' negligence. Twin City intervened as a plaintiff, asserting its right to recover from responsible third parties under section 8-41-203, C.R.S.2009.

The district court granted summary judgment in favor of Whole Foods. The court found that Whole Foods was Humphrey's statutory employer under section 8-41-401(1)(a), C.R. S.2009, and was thus immune from common law negligence liability for injuries he suffered while performing the services listed above.

## II. Standard of Review

We review de novo the district court's summary judgment ruling. *Aspen Wilderness Workshop, Inc. v. Colo. Water Conservation Bd.*, 901 P.2d 1251, 1256 (Colo.1995). Summary judgment is appropriate only if the pleadings, affidavits, depositions, or admissions in the record establish that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. C.R.C.P. 56(c); *see also Nelson v. Gas Research Inst.*, 121 P.3d 340, 343 (Colo.App.2005).

■ Whether a person or entity has the status of statutory employer is generally a question of fact. *Thornbury v. Allen*, 991 P.2d 335, 339 (Colo.App.1999). However, where the facts are undisputed, the trial court's determination of that status from the undisputed facts is a question of law that we review de novo. *Newsom v. Frank M. Hall & Co.*, 101 P.3d 1107, 1110 (Colo.App.2004), *rev'd on other grounds*, 125 P.3d 444 (Colo. 2005).

## III. Discussion

Plaintiffs contend that the district court erred in concluding that Whole Foods was Humphrey's statutory employer under section 8-41-401(1)(a). The facts underlying the district court's determination of that status are undisputed. Thus, summary judgment was appropriate if, on those facts, Whole Foods was Humphrey's statutory employer as a matter of law. We conclude that it was.

### A. Statutory Employer

■ The statutory scheme created by the Workers' Compensation Act (Act) grants an injured employee compensation from his or her employer without regard to negligence, and it grants the employer immunity from common law negligence liability. *Finlay v. Storage Technology Corp.*, 764 P.2d 62, 63 (Colo.1988). This relationship exists between employers and injured workers even if the employer is not the injured worker's employer as understood in the ordinary nomencla-

ture of the common law, so long as the employer is a "statutory employer" within the meaning of the Act. *Id.*

Section 8–41–401(1)(a) defines a "statutory employer." It provides, in pertinent part:

Any [entity] operating or engaged in or conducting any business by leasing or contracting out any part or all of the work thereof to any lessee, sublessee, contractor, or subcontractor ... shall be construed to be an employer as defined in articles 40 to 47 of this title and shall be liable as provided in said articles to pay compensation for injury or death resulting therefrom to said lessees, sublessees, contractors, and subcontractors and their employees....

This provision prevents employers from avoiding responsibility to pay workers' compensation benefits by conducting their business through a separate, uninsured employer. *Finlay,* 764 P.2d at 64. In turn, section 8–41–401(2), C.R.S.2009, provides statutory employers concomitant immunity from suit if the injured worker's direct employer carries workers' compensation insurance. It provides, in pertinent part:

If said lessee, sublessee, contractor, or subcontractor is also an employer in the doing of such work and, before commencing such work, insures and keeps insured its liability for compensation as provided in articles 40 to 47 of this title, neither said lessee, sublessee, contractor, or subcontractor, its employees, or its insurer shall have any right of contribution or action of any kind ... against the [entity] operating or engaged in or conducting any business by leasing or contracting out any part or all of the work thereof....

The General Assembly intended section 8–41–401(2) to extend immunity from suit to statutory employers where the direct employer maintains workers compensation insurance providing benefits to the injured employee. *Frank M. Hall & Co. v. Newsom,* 125 P.3d 444, 449 (Colo.2005); *see also Cowger v. Henderson Heavy Haul Trucking Inc.,* 179 P.3d 116, 118 (Colo.App.2007). Under the Act, if the direct employer carries workers' compensation insurance, its injured employee "cannot reach 'upstream' ... to es-

tablish tort liability" against the statutory employer. *Buzard v. Super Walls, Inc.,* 681 P.2d 520, 523 (Colo.1984); *see also Finlay,* 764 P.2d at 64.

Whether an employer is a statutory employer depends upon the nature of the work the employee performs for the employer. The test for whether an employer is a "statutory employer" is whether the work contracted out is part of the employer's regular business as defined by its total business operation. *Finlay,* 764 P.2d at 67. "In applying this test, courts should consider the elements of routineness, regularity, and the importance of the contracted service to the regular business of the employer." *Id.* Importance to the employer's total business operation is demonstrated where absent the contractor's services, they would of necessity be provided by the employer's own employee rather than to forgo the performance of the work. *Id.; see also Snook v. Joyce Homes, Inc.,* 215 P.3d 1210, 1217 (Colo.App.2009) ("[t]he work ... must be 'such part of his regular business operation as the statutory employer ordinarily would accomplish with his own employees'") (quoting *Pioneer Constr. Co. v. Davis,* 152 Colo. 121, 125, 381 P.2d 22, 24 (1963), and *Finlay v. Storage Technology Corp.,* 733 P.2d 322, 324 (Colo. App.1986), *aff'd,* 764 P.2d 62 (Colo.1988)).

### B. Application

Humphrey contended in the district court that no contract existed between Phil's and Whole Foods. Humphrey's argument was that, because there was no contract, Whole Foods did not "contract out" the services Humphrey performed, so that Whole Foods was not a statutory employer immune from tort liability under section 8–41–401(2).

The district court found that either an oral or implied in fact contract existed between Phil's and Whole Foods for the sale, delivery, stocking, and inventorying of the burritos. On appeal, plaintiffs do not contend that the district court made this finding in error, or that the existence of a contract was an issue of material fact that precluded summary judgment. Accordingly, we do not address these issues, and we do not disturb the dis-

trict court's uncontested factual finding that a contract existed.

It is also undisputed that Whole Foods is a grocery retailer, and that, as such, its regular business includes presenting food for sale to its customers. The district court found, as supported by the affidavit of the Whole Foods store receiver, that as a grocery retailer, Whole Foods must purchase food to sell from some vendor, and then stock the food, inventory it, and arrange it for sale.

Humphrey admitted in his deposition that it was part of the store's normal business to display food products and to remove expired products from the shelves. He also stated in his affidavit that he performed these very tasks when he delivered burritos to Whole Foods' store. Among his other duties, he inventoried the burritos, determined the new supply needed, selected the products to put in stock, removed the outdated items, and arranged the new items on the display shelves for sale. Had Humphrey not provided stocking and inventory services, those services "would of necessity [have been] provided by the employer's own employees." *Finlay*, 764 P.2d at 66. Thus, Whole Foods was Humphrey's statutory employer under section 8-41-401(1)(a).

Plaintiffs contend that Whole Foods was not Humphrey's statutory employer because the relationship between Phil's and Whole Foods is properly characterized as vendor-vendee, and section 8-41-401(1)(a) mentions only contractors, subcontractors, lessees, and sublessees. Plaintiffs further contend that the services Humphrey provided were part of the purchase price Whole Foods paid for the burritos, so that Whole Foods did not contract specifically for those services.

These arguments are unavailing. Given our conclusion that these services qualified Whole Foods as Humphrey's statutory employer under section 8-41-401(1)(a), it is irrelevant what word best describes the business relationship between Whole Foods and Phil's, or whether the parties viewed the stocking and inventory services Phil's provided as separate from the delivery services. *See Snook*, 215 P.3d at 1217-18.

In the same vein, plaintiffs contend that Whole Foods was not Humphrey's statutory employer because Phil's was simply selling burritos to Whole Foods rather than performing services that were part of Whole Foods' regular business. Plaintiffs cite *Doyle v. Missouri Valley Constructors, Inc.*, 288 F.Supp. 121 (D.Colo.1968), in which the court, applying section 8-41-401(1)(a), held that the general contractor in that case was not the statutory employer of a ready-mix concrete supplier's employees where the supplier's employees mixed the concrete at the supplier's own plant and poured the concrete into forms previously prepared by the general contractor at the job site. The court found that the general contractor merely purchased goods from the supplier, so that it had not contracted for services that were part of its regular business. *Doyle*, 288 F.Supp. at 125.

We do not find *Doyle* instructive here. In that case, the sole responsibility of the supplier's employees was to deliver the concrete to the job site and to put it where the general contractor directed. *Id.* at 122. The supplier's employees did not tamp, level, smooth, or finish the concrete, or remove the forms after the concrete had set. *Id.*

Here, by contrast, Humphrey inventoried the burritos, decided which new burritos to stock, and removed the outdated burritos. These activities constitute far more than merely selling and delivering goods to Whole Foods. As explained above, they constitute work that is part of Whole Foods' regular business as a grocery retailer and that Whole Foods employees would have had to perform had Humphrey not done so.

Plaintiffs also rely on several cases from other jurisdictions concerning the sale and delivery of goods in which courts have determined that an employer was not an injured employee's statutory employer under the applicable workers' compensation statutes. We do not find these cases persuasive.

■ In Colorado, an employer is a statutory employer if the services the employee provides are part of the employer's regular business such that, if they were not provided by the subcontractor, the employer's own employees would have to provide them. *Finlay*, 764 P.2d at 66. The cases plaintiffs

cite apply tests that differ substantially from Colorado's test. *See Cork v. Gable,* 340 So.2d 487, 489 (Fla.Dist.Ct.App.1976) (requirement that employer be "general contractor" under applicable workers' compensation statutes); *Mobley v. Flowers,* 211 Ga. App. 761, 761, 440 S.E.2d 473, 474 (1994) (requirement that contract to sell be "accompanied by an undertaking ... to render substantial service in connection with the goods sold"); *Parker v. National Super Markets, Inc.,* 914 S.W.2d 30, 31–32 (Mo.Ct.App.1995) (requirement that delivery of specific goods be "in the usual course" of employer's business); *Hammock v. United States,* 78 P.3d 93, 97 n. 7 (Okla.2003) (applicable workers' compensation provision "by its express terms does not apply to vendor/vendee relationships"). *Meyer v. Piggly Wiggly No. 24, Inc.,* 338 S.C. 471, 527 S.E.2d 761 (2000), on which plaintiffs rely, does not dictate a contrary conclusion. Although the court in *Meyer* noted several tests that are similar to the test adopted by our supreme court in *Finlay,* the *Meyer* court's determination ultimately turned on whether the parties' relationship was one of vendor-vendee, as opposed to owner-subcontractor. *Id.* at 763. *Finlay,* however, did not adopt such a distinction, instead focusing on the nature of the work that was contracted out in relation to the employer's business, rather than the form of the contractual relationships between and among the parties.

In conclusion, Whole Foods was Humphrey's statutory employer under section 8–41–401(1)(a). Plaintiffs do not dispute that Phil's, his actual employer, carried workers' compensation insurance when Humphrey was injured. Thus, Whole Foods is immune from common law negligence liability in connection with Humphrey's injuries. The district court therefore properly granted summary judgment in favor of Whole Foods.

The judgment is affirmed.

Judge CASEBOLT and Judge GABRIEL concur.