# FIFTH DIVISION
## REESE, P. J.,
## MARKLE and COLVIN, JJ.

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**October 26, 2020**

# In the Court of Appeals of Georgia

A20A1219. BRACK v. CPPI OF GEORGIA, INC.
A20A1220. CPPI OF GEORGIA, LLC. v. BRACK.

REESE, Presiding Judge.

The Appellant, James Brack, appeals from the trial court's grant of summary judgment to CPPI of Georgia, Inc. ("CPPI")[1] premised on a contract between the CPPI and Tony's Jons, Inc. ("TJ"). CPPI filed a cross-appeal seeking review of the same order. For the reasons set forth infra, we affirm the trial court's order and dismiss CPPI's cross-appeal as moot.

---

[1] According to CPPI, the correct corporate entity at issue is CPPI of Georgia, LLC. The Appellant does not dispute CPPI's statement, and for the purposes of these appeals, we will refer to the corporation as CPPI.

Viewed in favor of the Appellant as the nonmoving party,[2] the record shows that CPPI entered into a construction management-at-risk contract ("CMR") with the Board of Public Education for the City of Savannah and the County of Chatham to build a school. The CMR provided that CPPI agreed to complete the work "in accordance with the [c]ontract [d]ocuments and in compliance with all [a]pplicable [l]aws[,]" and to "comply with the rules and regulations of OSHA[3] and the Department of Labor [OCGA § 34–2-6]"

CPPI entered into a contract with TJ to provide portable toilets for the CMR construction site. TJ billed CPPI for the work performed at the CMR site through invoices. The Appellant testified at his deposition that he was hired through a temporary placement agency to work for TJ. The Appellant further testified that TJ would "take anyone that request[ed] porta units, . . . deliver them . . . and then after that we would come back once a week to clean [the portable toilets,]" or sometimes twice a week depending on the customers' recommendations. He testified that he placed six portable toilets at the construction site and cleaned and maintained them

---

[2] See *Wilson v. Guy*, No. A20A0969, 2020 Ga. App. LEXIS 479, at *1 (September 1, 2020).

[3] See 29 CFR Ch. XVII (Occupational Safety and Health Administration, Department of Labor).

through April 2015. On April 10, 2015, the Appellant was injured at the CMR site while pumping out a portable toilet. He sued CPPI for negligence and damages for pain and suffering, medical expenses, and lost wages.

CPPI initially moved for partial summary judgment arguing that the Appellant's injuries were not proximately caused by the April 10 accident. Later, CPPI moved for summary judgment arguing that it was a principal contractor and statutory employer of the Appellant under OCGA § 34-9-8, and that OCGA § 34-9-11 provided it with tort immunity and provided the Appellant with the exclusive remedy.

After a hearing, the trial court granted CPPI's motion for summary judgment, finding that the Appellee was immune from suit under OCGA § 34-9-11.[4] These appeals follow.

> Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Furthermore, a de novo standard of review applies to an appeal from a grant or denial of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. Moreover, at the summary-judgment stage, we do not resolve disputed facts, reconcile the

---

[4] The trial court denied CPPI's motion for summary judgment regarding the issue of proximate medical causation, which is the subject of CPPI's cross-appeal.

issues, weigh the evidence, or determine its credibility, as those matters must be submitted to a jury for resolution.[5]

With these guiding principles in mind, we turn now to the parties' specific claims of error.

*Case No. A20A1219*

1. The Appellant argues that the trial court erred in granting CPPI's motion for summary judgment on the basis that CPPI was his statutory employer under OCGA § 34-9-8 (a)[6] and that it was immune from tort liability. Under OCGA § 34-9-8, the Appellant contends that his job duties under the contract between TJ and CPPI which consisted of providing portable toilets and cleaning them once a week — were not the subject matter of the contract at issue, and consequently TJ was not a subcontractor under the intent and purpose of the statute. We disagree and affirm the trial court's ruling.

---

[5] *Wilson*, 2020 Ga. App. LEXIS 479, at *4-*5. (punctuation and footnotes omitted).

[6] See OCGA § 34-9-8 (a) ("A principal, intermediate, or subcontractor shall be liable for compensation to any employee injured while in the employ of any of his subcontractors engaged upon the subject matter of the contract to the same extent as the immediate employer.").

Under the exclusive remedy provision of the Workers' Compensation Act[7] found in OCGA § 34-9-11 (a) that was in effect at the time of the Appellant's accident,[8] the relevant portion provides that the rights and resolutions of an employee in this Act "shall exclude and be in place of all other rights and remedies of such employee, . . . and all other civil liabilities whatsoever at common law or otherwise, on account of such injury, loss of service, or death[.] No employee shall be deprived of any right to bring an action against any third-party tort-feasor[.]"

> Therefore, where the [Workers' Compensation] Act applies, it provides the employee's exclusive remedy against his employer and precludes recovery on a tort claim by an injured employee against his employer. Relatedly, the statutory employer provision of the Workers' Compensation Act, OCGA § 34-9-8, makes principal or intermediate contractors secondarily liable for workers' compensation benefits for injured employees of a subcontractor.[9]

---

[7] OCGA § 34-9-1 et seq.

[8] The current language found in OCGA § 34-9-11 (a) was revised, effective July 1, 2015. Since the Appellant's accident occurred on April 10, 2015, the previous version of the statute applies in this case. See Ga. L. 2015 p. 1079, § 1.

[9] *Mullinax v. Pilgrim's Pride Corp.*, 354 Ga. App. 186, 188 (1) (a) (840 SE2d 666) (2020) (citations and punctuation omitted).

The Act provides for three express exceptions to an employee's right to sue a third party tortfeasor, and it is undisputed that CPPI does not fall under any of these exceptions. "[CPPI] was not an employee of the same employer; it was neither an insurer nor a person who provided workers' compensation benefits under a contract with the employer; nor was it a 'construction design professional.'"[10] In *Wright Associates v. Rieder*,[11] the Supreme Court of Georgia created a fourth exception to the statute, ruling that "the injured employee of a subcontractor could not maintain a tort action against the principal contractor, even when the principal contractor did not pay workers' compensation benefits."[12] Based on the foregoing, the only possible exception to tort liability for CPPI "must come as a statutory employer."[13]

In the present action, if CPPI was the Appellant's statutory employer, then CPPI would possess immunity from a tort claim.[14] In actions where the facts relating

---

[10] *Reynolds v. McKenzie-Perry Homes*, 261 Ga. App. 379, 380 (582 SE2d 534) (2003) (citation and punctuation omitted).

[11] 247 Ga. 496 (277 SE2d 41) (1981).

[12] *Warden v. Hoar Constr. Co.*, 269 Ga. 715, 716 (1) (507 SE2d 428) (1998).

[13] See *Reynolds*, 261 Ga. App. at 381 (citation omitted).

[14] See *Maguire v. Dominion Dev. Corp.*, 241 Ga. App. 715, 717 (527 SE2d 575) (1999).

to an affirmative defense are uncontradicted, disposition by summary judgment may be proper.[15]

In the order granting CPPI's motion for summary judgment, the trial court found that OSHA rules and regulations required that toilets were to be provided at construction jobsites under 29 CFR 1926.51 (c),[16] and that the Appellant was injured on April 10 while "working for [TJ] servicing portable toilets at [the CMR site.]" "In order to make a party to the contract for the sale of goods . . . a contractor [under OCGA § 34-9-8], the contract to sell must be accompanied by an under-taking by either party to render substantial services in connection with the goods sold."[17] Further, "a statutory employer's contractual obligation to another party to maintain

---

[15] See *Keene v. Herstam*, 225 Ga. App. 115, 116 (1) (483 SE2d 335) (1997).

[16] See 29 CFR 1926.51 (c) (1) ("[A]t construction jobsites[, t]oilets shall be provided for employees[.]").

[17] *Gray Bldg. Systems v. Trine*, 260 Ga. 252, 253 (391 SE2d 764) (1990) (citation and punctuation omitted) (employee injured on the construction site while delivering goods unable to recover from the principal contractor under OCGA § 34-9-8 because the contract was not for for the provision of substantial services.).

a safe workplace does not provide a basis for removing the statutory employer's tort immunity under workers' compensation law."[18]

The Appellant's multi-faceted argument that the agreement between TJ and the Appellant was primarily to provide the portable toilets to the CMR and was not subject to the provisions of OCGA § 34-9-8 is belied by the record. In his deposition, the Appellant testified that after he dropped off the portable toilets at the CMR site, he visited the CMR site at least weekly from the autumn of 2014 through April 2015 to service the portable units by cleaning the enclosures and restocking the supplies.

"[A] 'principal contractor' engages subcontractors to assist in the performance of the work or the completion of the project which the 'principal contractor' has undertaken to perform for another."[19] The Appellant's testimony about his job duties at the CMR site show that a significant portion of the contract between TJ and the Appellee was not strictly confined to the delivery of goods.[20] Also, according to the

---

[18] *Bossard v. Atlanta Neighborhood Dev. Partnership*, 254 Ga. App. 799, 805 (5) (564 SE2d 31) (2002) (citation omitted).

[19] *Yoho v. Ringier of America*, 263 Ga. 338, 342 (434 SE2d 57) (1993) (citations and punctuation omitted).

[20] See *Bossard*, 254 Ga. App. at 805 (5).

8

CMR contract, CPPI was *contractually obligated* to provide a safe workplace and follow the OSHA guidelines and regulations.

Consequently, the cleaning and maintaining the portable toilets on the CMR site by TJ for the use of the CPPI's employees was in furtherance of the subject matter of the CMR.[21] Based on the foregoing, the contract between TJ and CPPI was for the delivery of the portable units and the substantial services regarding the continuous, periodic service and maintenance of the portable toilets at the CMR site.[22]

To the extent that the Appellant argues that the purpose and intent of OCGA § 34-9-8 did not cover the relationship between TJ and CPPI, the Supreme Court of Georgia has noted that the "Georgia General Assembly has amended the exclusive remedy provision [found in OCGA § 34-9-11] twice since 1981, but has chosen not

---

[21] See *Yoho*, 263 Ga. at 342; *Holton v. Ga. Power Co.*, 228 Ga. App. 135, 136 (491 SE2d 207) (1997) (Under OCGA § 34-9-8 (a), "secondary liability and corresponding immunity appl[ies] to those who contract to perform certain work then sublet[s] that work in whole or in part." ) (citation omitted).

[22] See *Patterson v. Bristol Timber Co.*, 286 Ga. App. 423, 429-430 (3) (649 SE2d 795) (2007) (timber company found to be an statutory employer under OCGA § 34-9-8 where a subcontractor's employee suffered injuries providing substantial services to the timber company in furtherance of the main contract between the timber company and a logging company.); cf. *Western Elec. Co. v. Capes*, 164 Ga. App. 353, 356 (2) (296 SE2d 381) (1982) (construction contractor was not a statutory employer of an employee injured who worked for a company contracted to fill the building's vending machines).

9

to overturn the tort immunity granted general contractors in *Rieder*."[23] Based on the foregoing, the trial court properly found that CPPI was a principal contractor and the statutory employer of the Appellant, and that it received tort immunity from the Appellant's claims under the Workers Compensation Act.[24]

2. The Appellant, in its reply brief, argues that "crucial contract documents are missing from the record[ ]" that create a genuine issue of material fact. Our review of the record and the Appellant's initial appellate brief show that the Appellant did not previously bring forth this argument. "[T]his Court will not consider arguments raised for the first time in a reply brief."[25]

For all the above reasons, the trial court properly granted CPPI's motion for summary judgment.

*Case No. A20A1220*

---

[23] *Warden*, 269 Ga. at 716-717 (1).

[24] See *Mullinax*, 354 Ga. App. at 189 (1) (b) (trial court properly granted summary judgment to a principal contractor under OCGA § 34-9-11 when an employee of a subcontractor contracted to perform work at the premises suffered injuries while working at the jobsite).

[25] *Advanced Technology Svcs., Inc. v. KM Docs, LLC*, 330 Ga. App. 188, 189, n. 2 (767 SE2d 821) (2014).

3. In light of our ruling in Case No. A20A1219 which affirmed the trial court's grant of summary judgment to CPPI, the arguments raised by CPPI in this cross-appeal are moot.[26]

*Judgment affirmed in Case No. A20A1219. Appeal dismissed as moot in Case No. A20A1220. Markle, J., concurs. Colvin, J., dissents.*

---

[26] See generally *Great Water Lanier v. Summer Crest at Four Seasons on Lanier Homeowners Assn.*, 344 Ga. App. 180, 190 (3) (811 SE2d 1) (2018).

A20A1219, A20A1220. BRACK v. CPPI OF GEORGIA; and vice versa.

COLVIN, Judge, dissenting in both cases.

The Supreme Court of Georgia has long held that a party's mere provision of an ancillary good or service at a construction site does not transform the contractor obtaining the benefit of that good or service into a "statutory employer" sheltered by tort immunity under the Workers Compensation Act. *Gray Bldg. Sys. v. Trine*, 260 Ga. 252, 252 (391 SE2d 764) (1990) (a vendor's provision of door and window lintels, and its assembly of them on site, did not provide a contractor with tort immunity under OCGA § 34-9-8 (a)). Rather, a person or entity who is injured while working at the site, but at a job which does not amount to "substantial service" on the "subject matter" of the contract, may be authorized to pursue a tort claim against that contractor. Id. Because I believe that this portable toilet provider was not providing

a "substantial service" to this contractor, CPPI should not be immune from general tort liability as to this plaintiff. I therefore dissent to the trial court's grant of summary judgment on CPPI on this basis.

OCGA 34-9-8 provides in relevant part:

(a) A principal, intermediate, or subcontractor shall be liable for [workers] compensation to *any employee injured while in the employ of any of his subcontractors engaged upon the subject matter of the contract* to the same extent as the immediate employer.

. . .

(d) This Code section shall apply only in cases where the injury occurred *on, in, or about the premises on which the principal contractor has undertaken to execute work* or which are otherwise under his control or management.

(Emphasis supplied.) The question before us is whether the plaintiff was a "subcontractor" and "engaged upon the subject matter" of this construction contract when he was injured while servicing the toilet that his employer had leased to CPPI. OCGA § 34-9-8 (a).

In a seminal case addressing the question of a contractor's liability for an employee's injury, our Supreme Court explained that the purpose of the statute's

2

limitation of workers compensation to injuries occurring "on, in or about the premises on which the principal contractor has undertaken to execute work," OCGA § 34-9-8 (d),

> is to ensure that employees in construction and other industries are covered by worker's compensation. In order to do so, it places an increased burden, in the form of potential liability for worker's compensation benefits, on the statutory employer. This encourages the statutory employer to require subcontractors to carry worker's compensation insurance. The fact that the statutory employer reacts to the statute in the manner intended by the legislature should not result in a penalty on the statutory employer. Conversely, if the statutory employer does not require subcontractors to provide compensation benefits (as intended by the statute), the statutory employer may acquire tort immunity. *The quid pro quo for the statutory employer's potential [workers compensation] liability is immunity from tort liability.*

(Citations omitted; emphasis supplied.) *Wright Assoc. v. Rieder*, 247 Ga. 496, 499-500 (1) (277 SE2d 41) (1981); see also *Kaplan v. Pulte Home Corp.*, 245 Ga. App. 286, 287-288 (1) (537 SE2d 727) (2000) (physical precedent only) (a general contractor was not entitled to tort immunity when the sole proprietor of a subcontractor paid for his own workers' compensation coverage).

As I have noted, moreover, our Supreme Court has held that even an provider of door and window parts who assembles them on site was not sufficiently involved

3

in the "subject matter" of the construction contract to provide the general contractor with tort immunity. "A mere contract for the sale of goods does not make either the buyer or seller or both a 'contractor' as used in OCGA 34-9-8." *Trine*, 260 Ga. at 252. "In order to make a party to the contract for the sale of goods such a 'contractor,' the contract to sell must be accompanied by an undertaking by either party to render *substantial services* in connection with the goods sold." (Emphasis supplied.) Id.

Here, there is no evidence whatsoever that CPPI qualified the portable toilet vendor Tony's Jons as a subcontractor, and the only evidence of a contract between the two parties is a simple invoice showing Tony's undertaking to service its own leased portable toilets every two weeks. Thus I cannot agree with the majority that Tony's emptying out of sewage from its own toilets amounts to the rendering of "substantial services" under the main construction contract when there is no indication that the parties considered Tony's a subcontractor, when the only "service" provided was to its own property, and when the toilets were removed at the conclusion of the project. See *Trine*, 260 Ga. at 252; *Mobley v. Flowers*, 211 Ga. App. 761, 761 (1) (440 SE2d 473) (1994) (provider of bricks to a construction site "was not a subcontractor" such that the contractor was not immune from tort); *Western Electric Co. v. Capes*, 164 Ga. App. 353, 355 (296 SE2d 381) (1982)

4

(provisioner of "food snacks" to vending machines at a factory was "not a part of the business [the manufacturer] was engaged in" and was not "a 'subcontractor' of any essential part of that enterprise" such that the contractor was not immune from tort). On this record, moreover, CPPI could not be responsible for paying any of Tony's employees workers compensation, and thus should not be immune from tort liability as a matter of law. See *Trine*, 260 Ga. at 252.

For these reasons, I dissent to the trial court's grant of summary judgment to CPPI under OCGA § 34-9-8 (a), and I would therefore address the merits of Case No. A20A1220.